## R. D. Bell v. The State.

*No. 5842.    Decided June 29.*

**Pursuing the Occupation of Retail Liquor Dealer—Constitutional Law.**—The prosecution in this case was for pursuing the occupation of selling malt liquors without having posted in a conspicuous place in the house wherein the occupation was pursued a license issued by the county clerk.    Upon the ground that the act of the Legislature under which the prosecution was instituted conflicts in several particulars with the Constitutions of this State and of the United States, the defendant moved the trial court to quash the information, which motion was overruled.    The contention of the defendant involves the propositions that the said act invades powers elsewhere vested by section 20 of article 16 of the State Constitution; and that, by requiring bond as a condition precedent to license, it abridges the privileges and immunities guaranteed him as a citizen by the Constitution of the United States.    But see the opinion *in extenso,* holding that the power of the Legislature to regulate the liquor traffic, and to impose the conditions provided by the said act, is not limited either by the State or Federal Constitution.

APPEAL from the County Court of Travis.    Tried below before Hon. J. M. Brackenridge, County Judge.

The opinion discloses the case.    The penalty assessed was a fine of five dollars.

*F. G. Morris,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for pursuing the occupation of selling malt liquors and failing and refusing to post in a conspicuous place in the house where the said occupation was carried on any license issued by the county clerk of Travis County authorizing him, Bell, to pursue said occupation.

Counsel for the appellant excepted to the indictment upon the ground that the act of the Legislature upon which this prosecution is based is unconstitutional in this:    1. Because if the act is enforced the appellant will be deprived of his liberty without due process of law.    2. He will be denied the equal protection of the laws of the land.    3. His privileges and immunities as a citizen of the United States will be abridged, this defendant being such.

Counsel specifies in what particulars the act is in violation of the State Constitution, insisting that the act invades the exclusive power of counties, cities, towns, and justice precincts of prohibiting the sale of intoxicating liquors—such power being conferred on them by section 20, article 16, of the Constitution.

Evidently the local option provisions of the Constitution do not divest the Legislature of the power to prohibit the sale of such liquors, if the Legislature has such power independently of these provisions.    It having

been held by the Supreme Court of this State that the Legislature could not transfer to the people of the counties, etc., the authority by election or otherwise to enact local option laws for their counties, etc., because the people of a county, precinct, town, or city have no legislative capacity—the power to enact laws being conferred by the Constitution on the Legislature—the local option provision of the Constitution became necessary in order to confer upon the people of the counties the law making power. The object of this provision was not to deprive the Legislature of its power over the subject, but to confer upon the counties and subdivisions thereof constitutional authority to enact a law prohibiting the sale of such liquors within their respective boundaries. Such counties or subdivisions thereof may desire such a law while the others or the rest of the State may not.

Now, to authorize the counties, etc., to act legally in this matter the provision was engrafted upon our Constitution, the object being to permit the people of the counties, etc., to prohibit the sale of such liquors within their respective limits. This, and this alone, was the object of the local option provision.

But let us view this subject from another standpoint. Under the local option provision the people of a county can not, by an election for that purpose, enact a law prohibiting the sale of such liquors in quantities less than a quart, and permit it to be sold in greater quantities—they must prohibit its sale in all quantities—prohibit its sale absolutely except for certain named purposes. It follows that if the local option provision has deprived the Legislature of the power to prohibit the retail of such liquors—prohibit saloons—then the power to prohibit saloons does not exist in this State. Hence a very important police power is lost, or can not be exercised without absolute prohibition, and that too by the tedious and uncertain process of local option. The people of the State might desire the prohibition of saloons, and not absolute prohibition, but we are seriously told that they can not have this—that they must take absolute prohibition in order to obtain the suppression of saloons, and this they must receive as doled out to them by the separate action of counties, precincts, cities, and towns. This is absurd. We will follow this subject but one step further.

Local option prohibits absolutely in the county of its adoption. Say that this divests the Legislature of the power to prohibit *absolutely* all over the State (a proposition too preposterous for discussion), may not the Legislature still retain the power to prohibit saloons? Concede that the Legislature, by reason of the local option provision of the Constitution, can not prohibit the sale of such liquors absolutely, may it not still retain the power to prohibit the saloon?

Now, it is well settled by all the authorities that the Legislature—no constitutional provision forbidding—has the right to absolutely prohibit

the saloon business—the retail of intoxicating liquors. If, therefore, the Legislature can prohibit this business absolutely, it follows inevitably that the Legislature can annex to the pursuit of such business just such conditions precedent as it may deem just, unless the citizen has granted to him affirmatively by the Constitution of the United States the right to sell such liquors by retail—to keep a saloon. If such right is given, the Legislature might regulate the business, but regulation could not extend to prohibition. No such right is conferred, and hence another position of counsel for appellant is unsound, to-wit, that conceding the right to require a bond with sureties, yet if conditions are annexed—embraced in the bond—and these conditions are illegal—unconstitutional—the right to require the bond and license is lost. In support of this proposition we are cited to Barron v. Burnsides, Sheriff, 30 N. W. Rep., 872. In this case the Legislature had no authority to require an agreement that the Insurance Company should not remove suits brought in the State courts to the Federal courts, the company having a constitutional right to so remove them. There is not the slightest analogy in the two cases, because the Legislature has the power to prohibit saloons, hence the power to require a bond with sureties and a license, unless the conditions of the bond demand of the person desiring to engage in such pursuit the surrender of a constitutional right, or right acquired from a higher source than the Legislature. When we speak of constitutional right to retail liquors, we mean an affirmative grant of such, not that the Constitution does not forbid the pursuing of the business.

It is contended that the conditions in this bond requiring the person engaging in the business not to sell to the husband, etc., after having been properly notified not to do so by the wife, etc., is unconstitutional because it is a transfer of the legislative power to the wife. This is not the case. The wife does not legislate. We will follow this no further.

It is also urged that under this condition the appellant would surrender his liberty by submitting his conduct to the arbitrary and capricious government of these women. This is so, and if he does not desire to do this he must not engage in the business. This, however, is no novel method of regulating this business. Goldsticker v. Ford, 62 Texas, 385; Ex Parte Bell, 24 Texas Ct. App., 428.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Judges all present and concurring.