JUAN AMAYA v. THE STATE.

No. 5726.  Decided March 24, 1920.

**1.—Intoxicating Liquors—Prohibition—Validity of Statute.**

The contention that Section 3, Chapter 24, Acts Thirty-fifth Legislature, Fourth Called Session, Page 37, was inoperative at the date of the offense, June 9, 1919, is untenable, following Ex Parte Davis, 86 Tex. Crim. Rep., 168; and other cases.

**2.—Same—Explanation—Charge of Court.**

Where, upon trial of a violation of the prohibition law in unlawfully transporting intoxicating liquor, the defendant explained his possession of the liquor, that he found the same and was taking it to the police station, this theory was submitted by the court's charge to the jury who found him guilty, there was no error on that ground.

**3.—Same—Jury and Jury Law—Convict.**

Where, upon trial of unlawful transportation of intoxicating liquor and a conviction of said offense, the record showed on appeal that the foreman of the jury had been convicted theretofore in the United State's Court of a felony and was unpardoned, the conviction must be set aside and the judgment reversed and the cause remanded.

**4.—Same—Rules Stated—Unpardoned Convict—Jury and Jury Law.**

The construction given our statute has been uniform to the effect that it is the imperative duty of the trial court or the appellate court to set aside a verdict which was rendered by the jury a member of which was an unpardoned convict, and this, although the conviction of said juror was in another jurisdiction. Following Wright v. State, 52 Texas Crim. Rep., 542, and other cases.

Appeal from the District Court of Webb. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of a violation of the prohibition law. Penalty: one year imprisonment in the penitentiary.

The opinion states the case.

*John A. Pope & Son,* for the appellant.

On question of unpardoned convict on jury: Russell v. State, 209 S. W. Rep., 671.  Rice v. State, 107 S. W. Rep., 832.

*Alvin M. Owsley,* Assistant Attorney General for the State.

MORROW, JUDGE.—The indictment charged that the appellant did "transport within, and import into, the County of Webb, in the State of Texas, by carrying same in his hands and upon his person" intoxicating liquor. The foundation of the prosecution is attacked upon the ground that Section 3, of Chapter 24, Laws Thirty-fifth Legislature, Fourth Called Session, page 37, were inoperative at the date of the offense, June 9, 1919. Ex parte Myer 84 Texas Crim. Rep., 288; 207 S. W. Rep., 100, is not authority supporting the appellant's proposition. The same attack was made on Section 1 of the Act in question, which section prohibited the manufacture of intoxicating liquors. The subject was reviewed in Ex parte Davis, 86 Texas Crim. Rep., 168, 215 S. W. Rep., 341, and the conclusion there reached and the reasoning inspiring it are applicable to the present contention. From the Davis case we quote:

"The contention that the practical effect of the prohibition of the manufacture in the State would retard or render inconvenient the conduct of the business of selling such liquors, and that for that reason would be an indirect violation of section 20, art. 16, of the Constitution, we think is not sound. That subdivision of the Constitution does not confer upon the individual citizen any vested right in the sale of intoxicating liquors. It, as above stated, only confers a political right and legislative power, upon the citizens of the districts named, to decide at an election whether a law prohibiting the sales of such liquors shall be effective within the prescribed limits, and from time to time whether it shall remain so. There is no inherent right in a citizen to sell intoxicating liquors. It is not a guaranteed privilege of a citizen of the State or of the Union. Joyce on Intox Liquors, Secs. 77 and 87; Ruling Case Law, Vol. 15, p. 259; 23 Cyc., 75. In prohibiting the manufacture of such liquors the Legislature, in our opinion, exercises a part of the police power embraced within the general power conferred upon the Legislature by the Constitution, and the fact that there is imposed a limitation upon the power of the Legislature to enforce another phase of the police power—that of prohibiting sales— does not imply a denial of its power to prohibit the manufacture of such liquors."

Appellant in the night, was found in possession of some twenty bottles of intoxicants, weighing over fifty pounds, having them in a sack, which at the time was wet, as was also the wrapping around the bottles and the appellant's coat, against which he was carrying the sack. He was found near the Rio Grande River, or a bayou that runs into the river, at or near the City of Laredo, and the liquor bore evidence of having been manufactured in and having come from a city in the Republic of Mexico, near Laredo. When taken in custody, and in his testimony on the trial, the appellant claimed to have found near the river the sack with the bottles of liquor in it, and to have taken

87 Tex.—11

possession of it for the purpose of taking it to the police station. ·The nature of appellant's relation to the sack of liquor was rendered by the circumstances an issue of fact for the jury to solve. Under the facts, his explanation of his possession at the time of arrest was not conclusive against the State. His theory was presented to the jury in a charge in substance that if his explanation was reasonable and true, or a reasonable doubt existed on that issue, to acquit him. The charge, we think, is not subject to the criticisms addressed to it nor in need of aid from special charges requested.

In the motion for a new trial it was shown without question that the foreman of the jury had been convicted in the United States court of a felony, and was unpardoned. Under our statutes, one convicted of a felony or of theft cannot be impaneled as a juror even with the consent of the parties. C. C. P., Arts. 692 and 695. On behalf of the State the suggestion is made that the term conviction of a felony used in the statute does not include a conviction in another jurisdiction. The cases to which we have been referred in support of this view are cases which were determined on the issue of waiver. Queenaw v. Territory of Oklahoma, 11 Oklahoma, 261; State v. Williams, 38 Louisiana Annotated, 361; State v. Bird, id., 497; Busey v. State, 85 Maryland, 115; State v. Wilson, 230 Missouri, 238; State v. Powers, 10 Oregon, 145; Goad v. State, 106 Penn., 175. The statutes in the States in which these decisions were made declare that the conviction of a felony disqualifies a juror, and the courts held that this disqualification is available as a challenge at the time the selection of the jury is made, but not good after verdict. Our statute on the subject is peculiar. Article 692 names as a cause for disqualification that he has been convicted of theft or any felony, and Article 695, referring to this disqualification, declares that such a juror shall not be impaneled although both parties may consent.

There are decisions touching the disqualification of witnesses in which the holding is that the conviction in one jurisdiction will not disqualify in another. Brown v. U. S. 233 Federal Rep., 353, L. R. A. 1917A, 1133; Commonwealth v. Green, 17 Massachusetts, 515. · The opposite rule obtains in some States. Chase v. Bloggett, 10 N. H., 22. In our State the New Hampshire rule is adhered to by statute.· C. C. P., 788, Pitner v. State, 23 Texas Crim. App., 366.

The reasoning which underlies some of these cases is that the judgment in a criminal case cannot be enforced in another jurisdiction. This principle seems not controlling in this State in that the object of the Legislature appears to be not the punishment of the convicted juror, but the protection of society against the pollution of the jury system by committing its execution to persons whose moral status has been judicially established as criminal. If the Legislature had in mind only the prevention of one convicted in our own State from serving as a juror, it might have rested upon Section 1 of Article 692, because in that Article one not a qualified voter is discarded for

jury service, and under Article 6, Section 1, of the Constitution, persons convicted of a felony cannot vote. The scope of the legislative interdiction is further illustrated by the fact that it includes persons convicted of theft, whether a felony or not. The object sought by the Legislature it is conceived would not be attained by the rejection of one who had been convicted of theft in Texas, and accepting one who had been convicted of the same offense in an adjoining State. One who commits arson is no less infamous because the act was done in another State rather than this one, and the judicial determination in either State of his guilt would be conclusive of the facts.

The construction given our statute has been uniform to the effect that it is the imperative duty of the trial court or the reviewing court to set aside a verdict which was rendered by the jury a member of which was an unpardoned convict. Wright v. State, 52 Texas Crim. Rep., 542; Bundick v. State, 59 Texas Crim. Rep., 10; Easterwood v. State, 34 Texas Crim. Rep., 400; Greer v. State, 14 Texas Crim. App., 179. We regard this rule as operative in the instant case, although the conviction was in another jurisdiction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*