E. Coleman v. The State.

No. 5722.   Decided April 21, 1920.

1.—Transporting Intoxicating Liquors—Validity of Statute.

Section 3 of the Act of the Thirty-fifth Legislature, Fourth Called Session, Chapter 24, known as the State-wide Prohibition Law, which Act has since been superseded, but which was in force at the time of the commission of the offense, is valid and constitutional. Following Ex parte Fulton, 215 S. W. Rep., 331, and other cases.

2.—Same—Carrying Liquor for Personal Use—Legislative Acts—Statutes Construed.

Under well established principles of construction, the acts of the same Legislature upon the same subject are to be construed together, and under this rule it is held that under Section 9 of Chapter 31, of the Acts of the Thirty-fifth Legislature, Fourth Called Session, the right of one to carry intoxicating liquors to his home for his personal use, etc.. is recognized, and, where the evidence showed that this was defendant's purpose, the court should have submitted a proper charge and his failure to do so is reversible error.

Appeal from the Criminal District Court No. 2 of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of unlawfully transporting intoxicating liquors; penalty: one year imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee,* for the appellant.—On question of validity of statute: Cited cases in opinion.   On question of construing acts of Legislature passed in the same session: Barnes v. State, 170 S. W. Rep., 548; Ex Parte Francis, 165 S. W. Rep., 147.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Judge.—The appellant is convicted of transporting intoxicating liquor in violation of Section 3 of the Acts of the Thirty-fifth Legislature, Fourth Called Session, Chapter 24, known as the Statewide Prohibition Law.   This Act has been since superseded, but was in force at the time the offense was committed.   Its efficacy is challenged upon the proposition that Section 2 of the same Act, which prohibited the sale of intoxicating liquors, was held inoperative in the case of Ex parte Myer, 84 Texas Crim. Rep., 288, 207 S. W. Rep., 100, and that therefrom the result followed that the transportation could not be prohibited because it would interfere with the exercise of the right of sale.   The result in Ex parte Myer, *supra,* was not reached upon the proposition that a citizen was vested with the right

to sell intoxicating liquor. The theory upon which that case was decided was that the Constitution prescribed the manner in which sales could be prohibited, and that their prohibition must be effected in that manner. The Constitution does not further restrict the right of the Legislature on the subject. We have discussed the matter at some length in Ex parte Davis, 86 Texas Crim. Rep., 168, 215 S. W. Rep., 341, in which the power to prohibit the manufacture of such liquors was upheld, and in the case of Ex parte Fulton, 86 Texas Crim. Rep., 149, 215 S. W. Rep., 331, in upholding the power of the Legislature to enact the amendment to the so-called Allison Shipping Law, which amendment is embodied in Chapter 31, Acts Thirty-fifth Legislature, Fourth Called Session, we referred to a number of court decisions which are analogous to the present question. The particular section of the Act in question was upheld by the Court of Civil Appeals in the case of Railway v. State, 212 S. W. Rep., 845. The motion to quash the indictment upon the ground that the Act of the Legislature upon which it is based is void is overruled.

In Section 9 of Chapter 31, of the Acts of the Thirty-fifth Legislature, Fourth Called Session, the right of one to carry intoxicating liquors to his home for his personal use, or for the use of members of his family, is recognized. This is a part of the legislation upon the subject of intoxicating liquors enacted at the same session of the Legislature at which Section 3 of Chapter 24, the Act upon which the prosecution was founded, was enacted. Under well established principles of construction, the acts of the same Legislature upon the same subject are to be construed together. Chapter 24 is silent upon the subject mentioned in Section 9 of Chapter 31, *supra,* and the latter, we think, must be given effect. It is expressly stated in Section 7 of Chapter 24 that "no law now in force regulating the sale of intoxicating liquors, nor any Act of the Fourth Called Session of the Thirty-fifth Legislature regulating such sales, are repealed, but that all remain in full force and effect."

In his testimony the appellant declared that his possession of the intoxicating liquor was for the purpose of carrying it to his home for his own personal use. His home was in the city of Dallas, and he was found in possession of the liquor at the town of Mesquite in that county, and was carrying it in an automobile owned by his wife. He sought in a timely and appropriate manner to have the jury instructed that if his transporation of it was for no unlawful purpose, but that he was taking it to his home solely for his personal use, an acquittal should result. We think this instruction should have been given, and that a failure to give it requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*