## Ex Parte John P. Ford.

No. 5341.     Decided December 16, 1920.

**Intoxicating Liquors—Selling Without License—Statutes Construed—Acts of Same Legislature.**

Where, relator was charged with the sale of intoxicating liquors without license, and it appears that the license laws were amended and reenacted, the same is not revoked by Chapter 24, Acts Thirty-fifth Legislature, Fourth Called Session, which prohibits the sale of intoxicating liquors, as the same is declared inoperative. Following Ex parte Meyer, 84 Texas Crim. Rep., 288; and the acts of the Thirty-fifth Legislature, supra, upon the subject of intoxicating liquors, should be construed together. Following Ex Parte Fulton, 86 Texas Crim. Rep., 149, and other cases, and relator is discharged from custody.

From El Paso County.

Original application for writ of *habeas corpus,* asking release from arrest under conviction of a sale of intoxicating liquors.

The opinion states the case.

*Brown & Wilcox,* and *E. B. Robertson,* and *Joseph M. Nealor,* for relator.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—The relator was charged with the sale of intoxicating liquors without a license, the alleged offense taking place in February, 1919. Prior to that date, he obtained a license, regularly issued by the State, authorizing him to sell intoxicating liquors, which

license had not been revoked. It affirmatively appears that the alleged offense was not committed within a "zone," described in Ex parte Hollingsworth, 83 Texas Crim. Rep., nor within a district wherein the sale was prohibited under the local option prohibition law. The prosecution is maintained upon the theory that the license to sell was revoked by Chapter 24, Acts Thirty-fifth Legislature, Fourth Called Session, which prohibited the sale of intoxicating liquors. This Act was by this court declared inoperative in Ex parte Myer, 84 Texas Crim. Rep., 288, 207 S. W. Rep., 100. At the same session of the Legislature, in Chapter 23, the license laws were amended and re-enacted. Following a well-established rule, this court, in Ex parte Fulton, 86 Texas Crim. Rep., 149, 215 S. W. Rep., 331, and in Coleman v. State, 220 S. W. Rep., 1097, held that the acts of the Thirty-fifth Legislature, Fourth Called Session, upon the subject of intoxicating liquors should be construed together. Applying this rule, we think, under the facts before us the prosecution could not be maintained.

The discharge of the relator is, therefore, ordered.

*Relator discharged.*