## E. G. CONE V. THE STATE.

No. 6562. Decided January 4, 1922.

**1.—Transporting Intoxicating Liquors—Local Option—Repeal of Law.**

By the terms of the Constitutional Amendment, Section 20, Article 16, State Constitution, effective July 3, 1919, former Section 20 was struck out of the Constitution and repealed, and said section necessarily carried with it the repeal of all local option liquor laws, except in so far as the saving clause therein effected prior offenses thereto.

**2.—Same—State-Wide Prohibition Law—Transportation—Sale—Statutes Construed.**

While no prosecution could be sustained for transporting liquor into local option territory at a date subsequent to the becoming effective of said constitutional amendment, yet the prosecution could be brought under the provisions of Chapter 24, Acts Fourth Called Session, Thirty-fifth Legislature, by which the transportation of intoxicating liquors within this State is made penal, although the sale thereunder was held unconstitutional. Following Ex Parte Davis, 86 Texas Crim. Rep., 168, and other cases; and the conviction under the local option law is therefore reversed and the cause is remanded for further proceedings under said Act of the Thirty-fifth Legislature.

Appeal from the District Court of Rockwall. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction under the local option law for unlawful transportation of liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*C. E. Florence* and *T. B. Ridgell,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Rockwall County of the unlawful transportation of liquor, and his punishment fixed at one year in the penitentiary.

From the record it seems that appellant was prosecuted under the provisions of Chapter 31, General Laws, First Called Session, Thirty-third Legislature, as amended by Chapter 31, General Laws, Fourth Called Session, Thirty-fifth Legislature; by which, in general terms, the transportation, delivery, etc., of intoxicating liquor into local option territory, was forbidden by statute. The date of the offense charged against appellant appears to have been September, 1919. On the trial appellant objected to being tried under the provisions of said law and reserved his exception to the charge of the court in submitting his guilt and punishment thereunder, upon the ground that such law was no longer effective since the adoption of the constitutional amendment forbidding the sale of liquor and the enactment of the Dean Law.

On May 24, 1919, by popular vote, Sec. 20, Art. 16, of our State Constitution was amended, and the proclamation of the Governor putting same into effect was of date July 3, 1919. By the terms of said amendment former Section 20 was struck out of the Constitution and repealed. Said section was the one which gave to the Legislature power to enact laws submitting to the people of a given territory for their determination, the question as to the sale *vel non* of intoxicating liquor within such territory. The repeal of said Section 20 necessarily carried with it the repeal of all laws depending for their validity upon the exercise of the power conferred by said section. When amended Section 20 became effective, the former Section 20 died, and with it also died its descendants and dependants,—except insofar as the saving clause of said amended Section 20 kept the provisions of such laws alive for the purpose of prosecuting offenses committed thereunder prior to the adoption of the amendment. It is possible that the instant prosecution resulted from a misapprehension of said saving clause, which is as follows:

"Liability for violating any liquor laws in force at the time of the adoption of this amendment shall not be affected by this amendment, and all remedies, civil and criminal, for such violations shall be preserved."

but any careful consideration of this text will make plain the fact that it could only include prosecutions for acts committed prior to the adoption of such amendment. It in terms preserves only liability for violation of liquor laws in force at the time of the adoption of such amendment. After its adoption there could be no sales of liquor in local option territory illegal *ipso facto* because there was no longer any local option territory. Any sales thereafter, and prior to the passage by the Legislature of laws making such amendment effective, must have been prosecuted as for violation of the express terms of the amendment itself. Berlew v. State, 88 Texas Crim. Rep., 241, 225 S. W. Rep., 518.

It is true that said amended Sec. 20 only made penal, sales of the prohibited liquors, and that appellant herein is not prosecuted for selling but for transporting such liquor. Such transportation, however, is charged to have been *into local option territory,* and the date of such transportation being alleged as of September, 1919, and there being then no such territory in this State by reason of the taking effect prior thereto of said State-wide amendment, it must follow that the objections and exceptions of appellant to the submission of his guilt of the transportation of liquor *into local option territory,* were well taken and should have been sustained. That no prosecution could be sustained for transporting liquor into local option territory when the offense was committed at a date subsequent to the becoming effective of said amendment is evident, and if upon another trial of this cause the proof should show transportation at such subsequent date, a conviction should not be permitted.

That the State is not without remedy against a transaction such as is herein charged and of date as herein charged, is also evident. By the provisions of Chapter 24, Acts Fourth Called Session, Thirty-fifth Legislature, the transportation of intoxicating liquors within this State is made penal. It is true that portion of said act relating to sales of liquor was held unconstitutional in Ex parte Myer, 84 Texas Crim. Rep., 288, 207 S. W. Rep., 100, but the remaining portions of said Act have been upheld by this court, and that part of said Act forbidding the manufacture and transportation of intoxicating liquor has been upheld. Ex parte Davis, 86 Texas Crim. Rep., 168, 215 S. W. Rep., 341; Amaya v. State, 87 Texas Crim. Rep., 160, 220 S. W. Rep., 98; Baldouf v. State, 87 Texas Crim. Rep., 228, 220 S. W. Rep., 550; Coleman v. State, 87 Texas Crim. Rep., 240, 220 S. W. Rep., 1097. Said Act would appear to cover all transactions involving illegal receipt, delivery or transportation of liquor occurring subsequent to its enactment, and prior to the adoption of what is known as the Dean Law.

There appears a sharp controversy in the record over the filing of appellant's bills of exception to other matters transpiring upon the trial, but as in our opinion the case must be reversed for the reasons stated above, we deem it unnecessary to pass upon the merits of this controversy.

For the reasons mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*