I concur in the dissenting opinion of Justice Hobson.
It was clearly the intent of the Legislature, in enacting Section 40.01, Florida Statutes, 1941, F.S.A. relating to the qualifications and disqualifications of jurors, to improve our jury system by prohibiting convicted criminals from serving thereon. Any other view would be inconsistent with the provisions of Sub-section (3) of said Section 40.01, providing that "In the selection of jury lists only such persons as the selecting officers know, or have reason to believe, are law abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm, shall be selected for jury duty." One who commits a felony in any other state of the Union, or in violation of a federal statute, cannot be said to be a "law abiding citizen", and he is no less a felon because the act was done in some state other than the State of Florida.
In the case of Amaya v. State, 87 Tex.Crim. R., 220 S.W. 98, 99, the Texas court held, under a statute similar to ours, that a juror who had been convicted of a felony in the United States Court was disqualified from serving on the jury and that a new trial should have been granted. The court said "* * * the object of the Legislature appears to be not the punishment of the convicted juror, but the protection of society against the pollution of the jury system by committing its execution to persons whose moral status has been judicially established as criminal. * * * The object sought by the Legislature, it is conceived, would not be attained by the rejection of one who had been convicted of theft in Texas, and accepting one who had been convicted of the same offense in an adjoining state. One who commits arson is no less infamous because the act was done in another state rather than this one, and the judicial determination in either state of his guilt would be conclusive of the facts."
This decision was followed by the Texas court in the case of Hughes v. State, 105 Tex.Crim. R., 284 S.W. 952, which held that a juror who had been convicted in federal court for manufacturing whiskey without paying the tax required by law was disqualified.
It should be noted that, under the majority opinion, it would be entirely possible to empanel a jury of twelve persons to try an accused for a capital offense, all of which persons were convicted felons under the laws of other states or the federal government. Obviously, in such a situation, the accused would not have had a fair and impartial trial by "a jury of his peers," and it is equally clear that it was never the intention of the Legislature to authorize such a trial. *Page 864 
It is my opinion, therefore, that the judgment should be reversed and new trial granted.
ADAMS, C.J., and HOBSON, J., concur.