**EUBANK et al. v. HOPKINS.**

No. 14312.

Court of Civil Appeals of Texas. Dallas.
March 9, 1951.

Rehearing Denied April 6, 1951.

Wynne & Wynne, Wills Point, for appellants.

Enoch G. Fletcher, Grand Saline, for appellee.

YOUNG, Justice.

Suit in the trial court was by George C. Hopkins, plaintiff, against Lee Eubank, Lucia McDonald and Wayne Dawson, individually, and Eubank Brothers, a partnership composed of such individuals, for damages arising out of an automobile collision with an ambulance belonging to these appellants. Upon trial and favorable jury findings, judgment was entered for appellee in amount of $825 against the partnership and individual defendants, jointly and severally. An appeal has been perfected on a single ground of error, best stated by appellants as follows: "Error of the trial court in overruling the motion for a mistrial and a new trial based upon the disqualification of the juror J. T. Wycough who had been a member of a previous jury panel called to try this cause and which panel had been by the court disqualified because of questions propounded relative to insurance and the misconduct of such juror in failing to disclose the fact upon diligent and exhaustive voir dire examination."

On a prior setting of the cause (November 28, 1949) all parties announced ready

and had begun their selection of the jury. One J. T. Wycough was on the list of 24 jurors furnished counsel for examination. During process of examining the panel, Mr. Fletcher, attorney for plaintiff, propounded a certain question relative to insurance; whereupon counsel for defendants objected, requesting the court to declare a mistrial. Following a conference between both counsel and court, the motion was sustained, jury dismissed, and case reset.

Thereafter the cause came on for the present trial in May 1950 and a jury duly impaneled, after examination by counsel for both plaintiff and defendants of each juror touching his knowledge of the parties, the case, or any previous acquaintance therewith. From all negative answers to questions propounded, the jurors appeared to have no knowledge concerning the case prior to voir dire examination. On the list of jurors, however, and one of the twelve selected, was the same J. T. Wycough, a member of the November 1949 panel, which, at such earlier time, had been disqualified by the court because of aforesaid inquiry with respect to insurance; Mr. Wycough having failed to disclose, before his selection as juror, that he was one of the previously discharged panel. These facts were not discovered by counsel for defendants until after the trial, when they were promptly called to the court's attention, filing motion for mistrial and later including the matter in amended motion.

Evidence adduced on hearing of defendants' said motion is properly in the record, reflecting in detail the above mentioned facts with reference to juror Wycough. It was developed that Lee Eubank, a defendant in the cause, owned two insurance companies, one a mutual benefit association, the other dealing in burial insurance. There was testimony to the effect that Henry McBride, a witness for defendants at the trial, was an agent of both companies; Mr. Enoch Fletcher, plaintiff's attorney, stating in such connection that at time of examination of jurors on the November 1949 hearing, it was his information that one of the list of jurors had been an employee of Eubank's insurance company, and another carrying insurance; that his inquiry on the occasion was simply to elicit such facts; not intending by any question to create the impression on the part of the panel that defendants were protected by liability insurance. Wycough, the particular juror, testified that he did not know the two cases on which he was called to serve (November 1949 and May 1950) were the same until after the last trial, when it was called to his attention; that when he was examined on the May trial there was nothing said by either attorney to cause him to remember that it was one and the same case; that he did not know for what reason the first jury panel had been discharged until "this morning"; and that the question previously asked the jury, as he remembered, was whether any of the panel were "carrying insurance with Mr. Eubank's insurance company." In the court's findings of fact and order denying a new trial it was recited that defendants' counsel had been "at all times and in all things diligent," but that "since the juror J. T. Wycough further testified that he did not associate the cases as having been the same and did not remember having served before as a member of the disqualified panel until after the verdict had been returned, the court was of the opinion that the motion should be overruled."

■ We perceive no error in the ruling made. In the first place, after a full hearing of the incident relative to insurance, the court could have well concluded that the facts did not warrant the previous declaration of a mistrial; in other words, that the contemplated interrogation was with respect to the companies (mutual benefit and burial) owned by defendant Eubanks, and connection of any juror therewith—a proper inquiry.

■ Furthermore we are bound by the trial court finding of improbability of injury resulting from the occurrence; juror Wycough testifying that he had not associated the cases as being one and the same and did not remember having served as a member of the disqualified panel until after the verdict had been returned. Rules 327, 434, Texas Rules of Civil Procedure; Rogers v. State, 109 Tex.Cr.R. 88, 3 S.W

2d 455. The situation in the case at bar is quite different, we think, from that reflected in Texas Employers' Ins. Ass'n v. Wade, Tex.Civ.App., 197 S.W.2d 203, cited by appellants, where an improperly constituted panel resulted inevitably from the juror's concealment, on voir dire questioning, of facts material to the controversy.

Judgment of the trial court is accordingly affirmed.