### BRISTOL WRIGHT v. THE STATE.

#### No. 4281.  Decided February 12, 1908.

**Assault With Intent to Murder—Adequate Cause—Husband and Wife—Insult to Female Relative—Aggravated Assault.**

Where upon trial for assault with intent to murder, the evidence showed that the defendant and his wife had separated, which separation was due to the fault of the assaulted party, and about a month thereafter, defendant incidentally came up, when the assaulted party was guilty of insulting conduct towards defendant's wife, whereupon defendant became angry and cut prosecutor, it was error on part of the court to charge that if the wife of defendant had abandoned him, that defendant could not excuse himself because of the insulting conduct of prosecutor, and the court should have charged on aggravated assault.

Appeal from the District Court of Jefferson.  Tried below before the Hon. W. H. Pope.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sol E. Gordon,* for appellant.—Garrett v. State, 36 Texas Crim. Rep., 230; 36 S. W. Rep., 454; Richardson v. State, 28 Texas Crim. App., 216.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In this case appellant was charged in the District Court of Jefferson County, with the offense of assault with intent to murder.  He was convicted of the charge against him and his punishment assessed at confinement in the State penitentiary for five years.

There is only one question in the case which we think it worth while to notice.  The person assaulted was one Jim Tarver.  It seems that appellant and his wife had been separated for some few weeks before the date of the encounter and assault which is the subject-matter of the controversy.  That appellant assaulted Tarver is not denied; that he was severely, if not dangerously, injured is incontestably shown.  That the assault made upon Tarver was in self-defense is not even remotely raised in the record.  The only question that could be made by the evidence was as to whether the assault was assault, with intent to murder or a lesser grade included in such charge.  The defendant testified that the cause of his separation from his wife was due to the wiles and wooings of the assaulted party.  On this question, and as explaining the circumstances of his assault, he testifies as follows: "I separated from my wife about the 1st of June; the assault took place about the 27th day of July; between June 7th and July 27th, we were living apart, but my

wife left me on account of this Jim Tarver. I came by there on my way home and when I got there I saw Forest Fored talking to my wife and I grabbed him by the coat and pulled him down and told him I did not like him to be talking to my wife; and I went off a piece, and when I came back I saw Jim Tarver fooling and playing with her and he stepped off the gallery and she kind of swinged off on his neck, and at that time I walked up and cut him because I got so angry I could not control myself."

Again, he testifies: "I did not know he (Tarver) was there that night and did not go there prepared to meet Jim Tarver or anybody else. I am not divorced from my wife." In this state of the record the court instructed the jury, among other things, as follows: "The following is deemed adequate cause: insulting words or conduct towards the wife of defendant, but if the wife of defendant had abandoned him and was living separate and apart from her husband, then the defendant could not excuse himself for the assault because of any insulting words or conduct towards her by Jim Tarver." This, as we believe, was a clear invasion of the province of the jury. Penal Code 702, subdivision 6. It has been held, in Garrett v. State, 36 Texas Crim. Rep., 230; 36 S. W. Rep., 454, that the insulting conduct towards a female relative which will reduce an assault with intent to kill to an aggravated assault need not necessarily be such as to cause offense to the female herself. The only thing that the law concerns itself with is the mental state of the accused, having reference to the infirmities of human nature and the effect of an insult to a female relative on his mind and passion. If it be conceded in this case that there had been a separation, either permanent or temporary, and if the view of appellant should be taken, that the separation was due to the intervention and fault of the assaulted party, causing the abandonment of him by his wife, and that he still loved her; that the abandonment was without his fault, over his protest and a condition of affairs that he desired or sought to remedy, shall the court say that merely and solely by reason of such abandonment that assaults, insults, endearments or caresses of his wife, whom he still loves, separated though they may be, will not and does not affect his mind; and that the mere and sole fact of such separation is to deny him the benefit of the adequate cause, which the law, respectful of human infirmities, says is such adequate cause? We think not, clearly.

There are other questions raised by counsel for appellant in his brief, but they are not of such nature as are likely to arise on another trial, and need not, therefore, now be considered.

For the error discussed, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*