JEFF BUNDICK v. THE STATE.

No. 587.   Decided April 13, 1910.

**1.—Murder—Jury and Jury Law—Ex-Convict.**

Where, upon motion for new trial for a conviction of murder, it appeared that one of the jurors rendering the verdict had been convicted of a felony and that he had never been pardoned and his citizenship restored, a new trial should have been granted.  Following Rice v. State, 52 Texas Crim. Rep., 359, and other cases.

**2.—Same—Jurisdiction—Notice of Appeal—Motion for New Trial—Transcript.**

Where, after conviction of murder, a motion for new trial was overruled, notice of appeal was given and an order allowed to file a statement of facts within thirty days; but during the term of the court at which the conviction was had the defendant filed a supplemental motion for new trial alleging that one of the jurors who tried him was an ex-convict, which motion was overruled, and to which the defendant again excepted and gave notice of appeal; and the transcript in the case had not yet been made out and filed in the Court of Criminal Appeals.  Held, that the trial court having jurisdiction over its proceedings until the expiration of the term, had jurisdiction of the motion and the case.

Appeal from the District Court of Matagorda.  Tried below before the Hon. Wells Thompson.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for murder in the first degree with a penalty of life imprisonment in the penitentiary.  At the January term of the District Court of Matagorda County a bill of indictment was returned into the District Court charging appellant with the murder of Theodore Bundick.  He was brought to trial, which resulted in his conviction on January 20, 1910.

Motion for new trial was made and this motion for new trial was acted upon on the 25th day of January, 1910.  Sentence was pronounced on the same day.  When the motion for new trial was overruled appellant excepted and gave notice of appeal to the Court of Criminal Appeals and obtained an order allowing him thirty days in which to file statement of the facts and bills of exceptions.  On February 5, 1910, and during the term of the court at which the conviction was had, the appellant filed a supplemental motion for new trial setting up that he had just been advised that Wiley Draughan, one of the jurors composing the jury that tried him, was an ex-convict and that he had never been pardoned and that said trial was illegal and void because of the absolute disqualification of said Draughan, and that the defendant had thereby been deprived of a trial by

a legal jury as provided by law; and that these facts were unknown
to appellant and his counsel prior to the return of the verdict in said
cause.  The court below granted leave to file this supplemental motion
and the same was considered by the court below and was in all things
refused and overruled, and from this order overruling the supplemental
motion the appellant excepted and gave notice of appeal to the Court
of Criminal Appeals.  The proof on this motion established beyond
controversy that said juror was an ex-convict and had not been par-
doned, having been convicted of a felony; and second, that the appel-
lant nor his counsel were advised of this fact before the return of
the verdict in the case and that said motion was made as soon as this
fact was discovered.  In view of the fact that one of the jurors ren-
dering the verdict in this case against appellant had been convicted
of a felony, and that he had never been pardoned and that his citi-
zenship had never been restored, and following the rule laid down
in Rice v. State, 52 Texas Crim. Rep., 359; Greer v. State, 14 Texas
Crim. App., 179, and Easterwood v. State, 34 Texas Crim. Rep., 400,
this case must be reversed; unless the contention of the State that
the verdict should be upheld because, after the overruling of the
motion for new trial and notice of appeal was given, the court below
had lost jurisdiction to further consider the case.  Article 884 of
White's Code of Criminal Procedure, reads as follows: "The effect
of an appeal is to suspend and arrest all further proceedings in the
case in the court in which the conviction was had until the judgment
of the Appellate Court is received by the court from which the appeal
is taken." . . .  The point is here made that the moment that
notice of appeal is given the jurisdiction of the District Court ceases,
and that the jurisdiction of this court attaches.  This is true, sub-
ject, however, to the following qualification: That during the term
of the court at which any judgment has been entered or motion acted
upon, the court still has power, during the term, over all of its pro-
ceedings, and may correct and reform or set aside any judgment or
action of the court had during the term.  We, therefore, hold that
though the motion for new trial had been overruled and notice of
appeal given, that the case could not be considered as pending in the
Court of Criminal Appeals as long as the term was in session, and
that the court had jurisdiction over its proceedings until the expira-
tion of the term, with the qualification, however, that if the transcript
had been taken out during the term and filed in this court, then the
court below could not take any action in the matter so as to affect
the appeal.  Article 879, White's Code of Criminal Procedure, pro-
vides as follows: "The transcript may be filed in the Court of Crim-
inal Appeals, and the case tried and determined in said court, while
the District Court in which the conviction was had is yet in session."
. . .  We, therefore, hold that the District Court had jurisdiction
of its proceedings until the expiration of the term and could correct
and revise any of its judgments or orders pending the term, subject

to the exceptions contained in article 879, White's Code of Criminal Procedure.

There are other questions raised in the record that are not necessary to mention. Because the appellant was tried by a jury not legally constituted under the provisions of the law, the case will be reversed and the cause remanded and it is accordingly so ordered.

*Reversed and remanded.*