### Salvador Montalvo v. The State.

#### No. 9422.    Delivered May 6, 1925.

**1.—Murder—No Statement of Facts—Practice on Appeal.**

Where a record before us is without statement of facts this court cannot intelligently determine whether a charge on manslaughter should have been given. This court presumes that the trial court properly submitted all issues raised by the evidence, unless the contrary appears from the record.

**2.—Same—Habeas Corpus—Cannot Supersede Appeal.**

A writ of habeas corpus cannot be used to supersede an appeal, and the disqualification of a juror cannot be raised in this manner; nor even in a motion for a new trial, it will not ordinarily vitiate a verdict. See Branch's Ann. P. C. 550-551, and note 3, p. 381; Vernon's Crim. Stats., Vol. 2.

**·3.—Same—Habeas Corpus—Practice on Appeal.**

Where an appeal is taken in a habeas corpus proceeding, and the record comes before this court without any certificate thereto by the trial judge, it will not be considered. Following Ex parte Lozano, 88 Tex. C. R. 112, 225 S. W. 59. See·Art. 950, C. C. P.

Appeal from the District Court of Willacy County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction of murder; penalty, twenty years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the murder of Remigio Garza. Punishment, 20 years in the penitentiary.

The record is before us without statement of facts or bills of exception. An objection was lodged to the charge because it omitted any instruction on the issue of manslaughter. Without knowing what facts were proven, we are unable to appraise this objection. The explanation of the learned trial judge why he did not charge on "manslaughter" is satisfactory, and will bind this court in the absence of a showing that his reasons are unsupported by the facts.

After adjournment of the term of court at which the conviction occurred, defendant undertook to raise by habeas corpus proceedings the question of a juror's disqualification. The record on that proceeding is before us without any certificate thereto by the trial judge, and therefore may not be considered. Art. 950, C. C. P.; Ex parte Lozano, 88 Texas Crim. Rep. 112, 225 S. W. Rep. 59. The appeal from the order refusing the writ of habeas corpus is ordered dismissed. (See cases collated under Sec. 243, Branch's Ann. Tex. P. C.). This is a matter which cannot be raised for the first time by habeas corpus proceeding after conviction, and even if presented on regular appeal, if the point was not raised until after conviction, it seems to be settled that it will not ordinarily vitiate the verdict. (Authorities under Sec. 550 and 551. Branch's Ann. Texas P. C., and note 53, p. 381, Vernon's Crim. Stat. Vol. 2.)

The judgment of conviction is affirmed.

*Affirmed.*