### John Rogers v. The State.

No. 10431.   Delivered April 6, 1927.

Rehearing denied February 15, 1928.

Second rehearing denied March 7, 1928.

**1.—Rape—Challenge of Juror—For Cause—Rule Stated.**

Error in overruling a challenge of a juror, for cause, will not be reviewed unless the accused exhausted his peremptory challenges and

thereafter an objectionable juror was forced on him. See Burrell v. State, 18 Tex. Rep. 713; Gomez v. State, 75 Tex. Crim. Rep. 289, and other cases cited. Also see Art. 614, C. C. P.; Vernon's Ann. C. C. P., Vol. 2.

### 2.—Same — Relationship of Juror — Not Disqualification — Ground for Challenge.

The relationship of a juror within the third degree to the prosecutrix is not a disqualification of such juror, but furnishes ground for challenge only. Where there is no waiver of the challenge, and no lack of diligence in discovering the existence of such relationship, it appears to have been generally held in this state that service upon the jury of such a one will not be ground for a new trial unless probable injury to the accused be shown. See Leeper v. State, 29 Tex. Crim. App. 63, and other cases cited in original opinion.

### 3.—Same—Sufficiency of Evidence—Province of Jury.

This is one of those cases where the jury might have reached a conclusion favorable to appellant, had they accepted his evidence and that of his witnesses. On the other hand, the state's evidence makes out a case. For us to reverse, it would be necessary to discard the evidence which the jury accepted. This we would not be authorized to do under the circumstances.

#### ON REHEARING.

### 4.—Same—Qualification of Juror—Rule Stated.

Arts. 616 and 619 of our C. C. P. sets out the grounds of disqualification of a juror, and the relationship of a juror within the third degree to either party is not one of those grounds. Where a juror so related has served on the jury through no laches of the accused, this fact alone will not authorize a new trial, though such relationship is recognized as sufficient to support a challenge for cause. To warrant the granting of a new trial it must be shown that some injury resulted to appellant by reason of the service of such a juror. See Sutton v. State, 31 Tex. Crim. App. 297, and other cases cited in opinion on rehearing.

### 5.—Same—Continued.

There is a distinction to be drawn between subdivision 10 of Art 616, C. C. P., and subdivisions 3, 4 and 5 of said article. What is here said does not apply when the juror thus complained of comes under subdivisions 3, 4 and 5 of said article. Distinguishing Page v. State, 22 Tex. Crim. App. 551; Powers v. State, 27 Tex. Crim. App. 700, and Wright v. State, 12 Tex. Crim. App. 161.

### 6.—Same—Disqualification of Juror—Practice in Trial Court.

A different rule prevails in this state where objection to a juror on the ground of relationship is presented in the beginning of a trial, and when such matters are brought forward for the first time in connection with a motion for a new trial. In the latter case the court below is called on to say whether, in the light of all the facts before him, the matters now complained of have operated to the hurt of the accused. If it has, a new trial should be granted. In the instant case there can be no serious doubt as to the correctness of the trial court's action in overruling the motion for a new trial.

#### ON SECOND REHEARING.

### 7.—Same—No Error Disclosed.

A further examination and consideration of this record in response to appellant's motion for a second rehearing but confirms us in our view as

set forth in the original opinion and on rehearing, and his motion for a second rehearing is denied.

Appeal from the District Court of Sabine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

· *Minton & Minton* of Hemphill, for appellant.

*Sam D. Stinson,* State's Attorney, and . *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for rape by having intercourse with a female under the age of consent. Punishment is five years in the penitentiary. '

The court overruled a challenge to veniremen Low based upon the ground that the proposed juror was related to the injured female within the third degree. Subd. 10, Art. 616, C. C. P. Appellant then challenged Low peremptorily. The bill complaining of this matter is signed by the trial judge with the explanation that when the jury was completed appellant still had four unused challenges. Error in overruling a challenge for cause will not be reviewed unless accused exhausted his peremptory challenges and thereafter an objectionable juror was forced upon him. This rule was announced in 1857 in Burrell v. State, 18 Tex. 713 (Supreme Court), in an opinion by Judge Wheeler. It has been consistently followed. Gomez v. State, 75 Tex. Crim. Rep. 239; 170 S. W. 711. (For many collated cases see Notes under Art. 614, C. C. P., Vernon's Ann. C. C. P., Vol. 2.)

J. V. Edgar served as a juror. Upon his voir dire examination he answered that he was not related either by blood or marriage to Ollie Veach, the alleged injured female. It was shown that neither appellant nor his attorney knew .that such relationship did exist at the time the juror was accepted, and did not ascertain the fact until after appellant's original motion for new trial had been filed, whereupon the matter was presented in an amended motion. It is further shown that no negligence can be attributed to appellant or his counsel for not having discovered the relationship sooner. It appeared upon a hearing of the amended motion that Edgar's wife (who was still living) and the father of prosecutrix were cousins, being children of sisters. Upon the hearing Mr. Edgar testified that at the time he was taken as a juror and answered that he was

not related to prosecutrix that he knew nothing of his wife being related to her and had heard of it for the first time on that morning (the day of the hearing of the motion), after receiving a telephone message in which he learned of appellant's contention, and made inquiry of his wife, and then for the first time learned of her distant relationship to prosecutrix. He did not know the father of prosecutrix and had never seen him until the day of trial. In Powers v. State, 27 Tex. Crim. App. 700, and Page v. State, 22 Tex. Crim. App. 551, the question of a juror's relationship was considered and there held to be ground for reversal, but in neither of those cases, nor in any other from our own court to which our attention has been called, did the question arise as to the juror's ignorance of the relationship. Investigation discloses a lack of harmony in the decisions from other states upon this point. See Corpus Juris, Vol. 35, Sec. 331, and authorities in Notes 2 and 3 thereunder; Ruling Case Law, Vol. 16, Sec. 103, p. 287; State v. Congdon, 14 B. I. 458; Tegarden Admr. v. Phillips, 14 Ind. App. Ct. 27; Travis v. Commonwealth, 106 Penn. 597; Salisbury v. McClasky, 33 Sup. Ct. N. Y. (26 Hun), 262; Hodges v. Bales, 102 Ind. 494; Jewell v. Jewell, 84 Maine 304; 18 L. R. A. 473; Ledford v. State, 75 Ga. 856; McElhannon v. State, 99 Ga. 672; Northcutt v. Juett, 36 S. W. 179 (Ky.); State v. Harris, 69 W. Va. 244; 71 S. S. 609; 50 L. R. A. (N. S.) 933.

It must be borne in mind that our Constitution (Art. 5, Sec. 11) and Statutes (R. C. S., Art 15; C. C. P., Art. 552) absolutely disqualifies a judge who is related within the third degree to parties involved from presiding at the trial. It is a disqualification that cannot be waived, hence is operative even though the judge is ignorant of the relationship (Duncan v. State, 103 Tex. Crim. Rep. 293; 280 S. W. 216), whereas the relationship of a juror within the third degree is not a disqualification, but furnishes ground for challenge only. Art. 616, C. C. P., Subd. 10. Where there is no waiver of the challenge and no lack of diligence in discovering the existence of a ground for challenge to a particular juror who is not absolutely disqualified, it appears to have been generally held in this state that service upon the jury of such a one will not be ground for new trial unless probable injury to accused be shown. Leeper v. State, 29 Tex. Crim. App. 63; 14 S. W. 398; Martinez v. State (Tex. Crim. Rep.), 57 S. W. 838. (For other authorities see Note 53, Art. 616, Vernon's C. C. P., Vol. 2, p. 52.)

We think the showing of injury is entirely lacking in the present instance. No social relations are shown to have existed between the Veach family and the Edgar family from which the juror's knowledge of the relationship might be inferred. It is not claimed that he was active as a juror in behalf of the state from which any bias in favor of prosecutrix could be deduced. Eleven other jurors whose fairness is in no wise assailed reach the same conclusion as did Edgar. So pertinent seems the remarks of the Supreme Court of Pennsylvania in Traviss v. Commonwealth, 106 Penn. 597, upon the question now before us that we quote:

"* * * It appears one of the jurors by whom the verdict was rendered was related to the person who is alleged in the indictment to have been murdered, and the fact of such relationship was not known to the prisoner or his counsel until after rendition of the verdict. While it was shown to the satisfaction of the court below that the juror's mother and the mother of the murdered woman were cousins, and the fact was unknown to the prisoner or his counsel at the time of trial, it was shown with equal clearness that the juror had never seen the murdered woman or heard of her except in connection with the alleged murder, and was absolutely ignorant of any relationship until several days after the verdict was rendered. If the fact of relationship had been known and brought to the attention of the court before the juror was sworn, he doubtless would have been excused or successfully challenged for cause; but it was unknown to the court as well as the counsel on both sides, and the juror, after being examined in the usual manner, was accepted and sworn. The time to challenge is before the juror is sworn; if not exercised then, the right is waived. That waiver may be relieved against when the party affected has been intentionally misled or deceived by the juror or the opposite party; but it is not even pretended there was anything of the kind in this case. Neither the fairness nor the impartiality of the verdict is assailed on any ground connected with the relationship of the juror to the murdered woman. It is not and cannot be pretended that he or any of his fellows were in any manner influenced thereby. As the learned president of the court below well remarked, 'His judgment could not have been affected, even insensibly, by a circumstance of which he had not the slightest knowledge.' The newly discovered relationship was, therefore, no reason for setting aside the verdict."

The sufficiency of the evidence is questioned. We have thought it unnecessary to set it out in detail. It is one of those cases where the jury might have reached a conclusion favorable to appellant had they accepted his evidence and that of his witnesses. On the other hand, the state's evidence makes out a case. For us to reverse it would be necessary to discard the evidence which the jury accepted. This we would be unauthorized to do under the circumstances.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have in this state no direct statute laying down grounds of disqualification of jurors, but considering Arts. 616 and 619 of our C. C. P., we deduce that persons convicted of theft or felony, or who are under legal accusation of same, and also persons who are insane, or who have such defect or disease as to render them unfit, are the only ones wholly disqualified from jury service. We find in many opinions expressions regarding the disqualification of jurors, or the incompetence of jurors, which are inaccurate to say the least.

Appellant contends strongly in his motion for rehearing that juror Edgar's presence on the jury was such wrong as to make erroneous our opinion declining to reverse for this reason. Admitting that Mr. Edgar was the husband of a woman so related for cause to the prosecutrix herein as that he would have been subject to challenge upon his voir dire; and further that there is no sufficient showing that appellant was guilty of any laches or neglect in the matter of challenging this juror, we have then the question: Was the action of the trial court in refusing a new trial upon the showing made in regard to these facts at the hearing of the application, such an abuse of his discretion as that we should reverse the case?

The rule, as we understand it in this state, is that not only must the accused acquit himself of neglect in such matters, but he must go further and make it reasonably apparent that there was a likelihood of injury to him from the service of such juror. See authorities quoted in original opinion; also Sutton v. State, 31 Tex. Crim. Rep. 297; Lane v. State, 29 Tex. Crim. App. 310; Williamson v. State, 36 Tex. Crim. Rep. 225; Mays v. State, 36 Tex. Crim. Rep. 437; Whittle v. State, 43 Tex. Crim. Rep. 472. None of these cases involve the relationship question set up in Subd. 10 of Art. 616, C. C. P., but we are

unwilling by our opinion to write into the statutes a distinction which is not laid down there between said Subd. 10, supra, and Subds. 1, 2, 6, 7, 8, etc., of said article. What is here said does not apply when the juror thus complained of comes under Subds. 3, 4 and 5 of said article.

The appellant argues persuasively in his motion that notwithstanding juror Edgar swore that he knew nothing of any relationship by marriage between himself and prosecutrix, he must have known that he was not telling the truth. This was a matter for the trial court, but in this connection we note that two brothers of Mrs. Edgar who were brought as witnesses for the defense on the hearing of the motion for new trial, did not either affirm that he knew Ollie Veatch, prosecutrix in this case. One of said brothers testified that he had never heard of her, and did not know that Sam Veatch had a daughter named Ollie. The evidence further tends to show that juror Edgar lived in a portion of the county far removed from that part of said county in which the alleged rape was committed and where the girl and her father lived. We also note that distinguished counsel for the appellant testified that he had lived in the county for many years, had practiced law there for twenty-one years, and had a wide acquaintance, but he does not state that he knew any fact or circumstance which would have led him to make a more rigid inquiry of juror Edgar upon his voir dire. In fact counsel admitted that he asked the juror no question at all regarding the matter, from which we infer that the only examination given the juror was by the court or by state's counsel, and was probably a general inquiry made of all the jurors at the same time.

Appellant cites in his motion the cases of Page v. State, 22 Tex. Crim. App. 551; Powers v. State, 27 Tex. Crim. App. 700, and Wright v. State, 12 Tex. Crim. App. 161, among others. Said cases present facts only partly similar to those before us, and in so far as the opinions advanced the suggestion that jurors were incompetent or disqualified, same are not accurate. There is not the slightest reference to the question of injury, and we presume that the issue was not raised by the facts in either of said cases.

A somewhat different rule obtains in this state when such questions appear to have been presented in limine, in the beginning of a trial from that which governs when such matters are brought forward for the first time in connection with the motion for a new trial. In the latter case the court below is called upon to say whether, in the light of all the facts

before him, the matter now complained of might have operated to the hurt of the accused.  His primary decision of this question is subject to the review of the appellate court.  If the trial court thinks injury may have resulted, or he entertains serious doubt on the subject, a new trial should be granted.  If we think his discretion was abused, or entertain serious doubt on this subject, we would likely reverse.  We have again reviewed the record before us with a view of ascertaining whether the facts raised in our minds any serious doubt of the correctness of the trial court's action in overruling the motion for new trial, but are unable to bring ourselves to a different view from that entertained when we wrote the original opinion.

Finding no error calling for a reversal of this case, the motion for rehearing will be overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The forceful motion for the privilege of presenting the second motion for rehearing has been read with interest.  We are unconvinced, however, that the judgment should be reversed.  To our mind the reasoning and precedents set forth in the original opinion are conclusive against the authority of this court to overturn the verdict.

The relationship of the juror to the injured party did not disqualify him.  See Arts. 616 and 619, C. C. P., 1925.  By nothing said or done during the deliberations of the jury is the impartiality of the verdict challenged.  It is the contention that the bare fact that the wife of the juror Edgar was related to the injured party vitiates the verdict.  It was conclusively shown upon the hearing of the motion for new trial before the trial judge that at the time the verdict was rendered Edgar was ignorant of the relationship.  The investigation was within the province of the trial judge, and unless he abused his discretion this court cannot legally annul his judgment.  Of the operation of the relationship upon Edgar's action, the words of the Supreme Court of Pennsylvania, in a like case, are pertinent:

"His judgment could not have been affected, even insensibly, by a circumstance of which he had not the slightest knowedge."

The motion is overruled.

*Overruled.*