GID HOOPER V. THE STATE.

No. 16520. Delivered April 11, 1934.

The opinion states the case.

*Sam Lane* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of assault with intent to murder, and his punishment assessed at confinement in the State penitentiary for a term of ten years.

The appellant's only complaint is that the court erred in overruling his amended motion for new trial in which he urges various reasons why the judgment of the trial court should be reversed and the cause remanded, one of which was that Calvin Enman, who was selected as a juror in this case, had theretofore been convicted of theft in the Justice Court of Precinct No. 1 in and for Shelby County, Texas, which conviction was prior to the trial of this case; that the defendant had no knowledge that the said Calvin Enman had been convicted of theft until after the jury had returned their verdict and not until after

the defendant had filed his original motion for new trial herein. The appellant attached to said amended original motion for new trial the affidavit of the juror Calvin Enman from which it appears that he, the said Calvin Enman, was one of the jurors who tried Gid Hooper, the appellant, and convicted him of the offense of assault with intent to murder and assessed his punishment at confinement in the State penitentiary for a term of 10 years. Upon the hearing of this motion for new trial, the court also heard evidence which showed that the juror Calvin Enman had been convicted of petty theft in the Justice Court of Precinct No. 1 of Shelby County, Texas, about a year prior to the trial of the instant case.

Article 616, C. C. P., reads as follows:

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. It may be made for any one of the following reasons:

"1. That he is not a qualified voter in the State and County, under the Constitution and laws of the State.

"2. That he is neither a householder in the county nor a freeholder in the State.

"3. That he has been convicted of theft or any felony, etc."

Article 619, C. C. P., reads as follows:

"No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth clause of challenge in article 616, C. C. P., though both parties may consent."

In considering section 3 of art. 616, C. C. P., it clearly appears that if a person has been convicted of theft or any felony he may be challenged as a juror. The challenge is not confined to felony theft but is broad enough to include and comprehend within its meaning any misdemeanor theft. Ordinarily, the grounds for challenge set forth in said article may be waived, but when we consider article 619, C. C. P., we are forced to the conclusion that no juror who is subject to the third, fourth, or fifth clause of challenge in article 616, supra, could sit in any case, although both parties may consent thereto. In other words, if a juror came within clause three, four or five of article 616, supra, he would not be a qualified juror, and this, it seems, cannot be waived by the defendant. In support of the views herein expressed we refer to the following authorities: Greer v. State, 14 Texas App. 179; Rice v. State, 52 Texas Crim. Rep., 359. Hence we are forced to the conclusion that the trial court erred in refusing to grant the appellant's motion for new trial.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.