HUB JOHNSON v. THE STATE

No. 17175.  Delivered February 13, 1935.
Rehearing Denied June 28, 1935.

The opinion states the case.

*McWhorter & Howard,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for conspiracy to manufacture spirituous liquor; punishment, two years in the penitentiary.

The indictment in this case contained four counts,—one charging appellant with conspiracy to unlawfully manufacture spirituous liquor; another charging the manufacture of such liquor; another its possession, and the fourth the possession of a still, mash, material, etc. Only the first count was submitted.

Mrs. Herman, the wife of one of the men alleged in count one to be co-conspirators with appellant, was used as a witness by the State, and testified without objection of any kind. Neither from her testimony, nor otherwise in the record, is it made to appear that her husband was under indictment for such conspiracy.

In his brief appellant urges that the testimony of Mrs. Herman was not admissible, because she was the wife of a co-conspirator, and, if competent, her testimony would not support the conviction. We first discuss whether the record shows that Mrs. Herman's husband was under indictment for said conspiracy, and conclude that it does not. Mrs. Herman was not asked in regard thereto, nor did she testify that her husband was so indicted. Such fact does not appear from any bill of exceptions. The only possible foundation for such claim rests on a clause at the end of the statement of facts, which is as follows:

"It is agreed by and between the parties for the State and the defendant that neither of the alleged co-conspirators with the defendant, Hub Johnson, to-wit: Vernon Herman nor Bun Herman, have been tried on any charge of conspiracy growing out of the transaction on which the defendant is being tried.

"It is also agreed that this defendant made no motion to get either of his co-conspirators, so alleged, to be tried first, and that neither Vernon Herman nor Bun Herman made any effort to cause the defendant, Hub Johnson, to be tried first, or to be tried first themselves."

It is plain that the indictment herein, whose allegations are referred to in the above quotation, is not an indictment against either of the Hermans, nor could the use of the word "Alleged" in the agreement set out, be held to refer to or show the existence of any other indictment than the one against this appellant upon which he was being tried. It is equally plain that the averment in the indictment in the case before us,—that appellant had conspired with two others,—raises no legal presumption usable for or against said other two, nor for or against the State in any case where there is an issue as to whether they, or either of them, have been so indicted. The quoted agreement merely states that this indictment against Johnson alleges that the two Hermans were in a conspiracy with him, but that neither of them has been tried on any such charge; also that Johnson has made no motion to get either of the Hermans,— said in this indictment to be his co-conspirators,—tried first, nor have they made effort to get him or themselves tried first.

It would be interesting to discuss the questions set out in appellant's brief relative to the admissibility of the testimony of the wife of a co-indictee, when offered by the State in a case wherein her husband was not on trial,—but until it be shown that the husband of the witness was indicted for the same offense as the accused on trial,—such question would be but moot.

By his bill of exceptions No. 1 appellant complains of the refusal of a new trial and in arrest of judgment, sought because of the alleged incompetence of a juror in the case. It appears from the record that appellant was convicted on May 3, 1934, and a formal motion for new trial was filed the next day. No formal entry of the overruling of any motion for new trial appears in this record, but none is required. The sentence pronounced upon appellant bears no date, but no point is made of this.

From the caption of the transcript we learn that the court's term ended June 16, 1934. The recitals of said bill of exceptions show that after appellant's conviction he learned for the first time that a juror sat on his case, who had sworn on his voir dire that he was a qualified juror of the county,—who had in fact been theretofore convicted of felony theft, and had received and accepted a conditional pardon, which in no way relieved him of the disabilities incident to his said conviction. A copy of said pardon was attached to appellant's amended motion for new trial which, however, was filed after the adjournment of court, and on June 20, 1934. It is further stated in said bill that neither appellant nor his counsel had

knowledge of the intention of the trial court to adjourn before the time set by statute for such adjournment, which appears to have been June 23rd. The bill also recites that when the amended motion was presented to the court he "Failed and refused to grant the motion, stating to the defendant that the court had adjourned, and the *matters* signed prior to the presentation of the motion." We presume that the word "Matters" is a clerical error, and should have read "Minutes."

Nothing suggests that the adjournment had was not entirely regular and in accordance with law, and appellant cites no case upon which the court below might have taken cognizance of his motion after adjournment. It must be evident that the State had no opportunity to present any controversy or explanation of the matters set up in the amended motion. The matter was not heard by the court. It might be that at some later date, after the issuance of the conditional pardon, a full pardon was issued to said juror.

We observe that final conviction for theft is expressly named in subdivision 3 of Art. 616, C. C. P., as ground for challenge for cause of a proffered juror, and that Art. 619, id., makes the fact of conviction for theft an absolute bar to qualification of one who has been so convicted. In such case the incompetence of the juror can not be waived, and the judgment and conviction would be void, and relief therefrom might be brought about by habeas corpus, but this court, upon the record before us, is in no position to act favorably.

We have carefully considered the charge of the court as a whole, which is attacked by appellant by several exceptions, but have concluded that same presents the law of the case in such manner as not to present reversible error. The testimony appears to us to be sufficient. We have carefully considered appellant's brief and the authorities cited therein, and are unable to agree that any of them hold contrary to our conclusion that the evidence is sufficient, and that no reversible error appears in the record.

The judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—We have carefully reexamined the record in the light of appellant's motion for rehearing and are

constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.