FRANK BURTON V. THE STATE.

No. 17571. Delivered June 5, 1935.
Rehearing Denied October 23, 1935.

The opinion states the case.

*B. F. Bradley* and *Kennedy & Granberry,* all of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for seven years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Jeans Bowens by shooting him with a gun.

Appellant and his wife lived in a small house with deceased and his wife. According to the version of the State, prior to the time deceased and his wife had occupied the house, appellant had promised to move, but had remained in the house over deceased's objection. The State's testimony was to the further effect that on the morning of the homicide deceased was feeding some hogs when appellant approached

and shot him to death. Appellant testified that prior to the homicide he had discovered that deceased was intimate with his (appellant's) wife, he having seen them engaged in an act of sexual intercourse; that he took deceased to task and he denied the illicit act; that deceased then told him he had found his (appellant's) horse in his field and was going to kill him and the horse; that he went on to the house and deceased followed him; that he procured his gun and came out the door and deceased continued to follow him; that deceased made a demonstration and when he did he began to shoot deceased; that he killed him because he had caught him having intercourse with his wife and for the further reason that he had threatened to kill him and his horse. The State's testimony was to the effect that appellant's wife was not at the place where appellant claimed he found her in a compromising position. In short, the State's evidence controverted the proof on the part of appellant that an act of intercourse occurred.

Bill of exception No. 1 is concerned with the refusal of the court to grant appellant's application for a continuance which was based on the fact that one of his counsel was a member of the Legislature which had adjourned a called session less than ten days prior to the time the case was called for trial. It appears that appellant was also represented by another attorney. Nine witnesses testified on the trial. The statement of facts comprises less than 62 pages. The trial of the case consumed but little time. There is no showing of probable injury to appellant because of the failure to continue the case. Under the circumstances, we think the announcement of this court in Davis v. State, 49 S. W. (2d) 805, controlling. We quote from the opinion as follows:

"Appellant sought a continuance on the ground that one of his attorneys was a member of the Legislature and then in attendance on a session of such Legislature. The absence of an attorney whose services are made to substantially appear from the record to have been of necessary character in the trial of any criminal case is a matter addressed, in the first instance, to the sound discretion of the trial judge who is asked to continue such case because of the absence of such attorney; and this court will review upon appeal such refusal to continue only when it appears that the trial court has abused his discretion to the probable injury of the accused. Discretion in regard to such a ruling on the part of the trial court is believed to be an attribute inherent in the

courts, and attempt to take it away by legislative enactment would seem a transgression by one department of our government upon the proper functions of a different and co-ordinate department thereof. The terms of chapter 7, Acts, 41st Legislature, Regular Session (Vernon's Ann. Civ. St. art. 2168a), are invoked. Same make the absence of such attorney ground for a continuance when it is shown that his presence is necessary to a fair and proper trial of the case. Affidavits by the attorney in question and appellant were prepared and appended to the application for continuance and presented to the trial court, who thereupon heard evidence pro and con. It was developed that appellant had been represented by a strong and able firm of lawyers upon other trials of this case at a time when the Legislature was not in session, and that the attorney for whose absence continuance is now sought, was not then of counsel; also, that said firm still appeared in behalf of appellant, and, in addition, were assisted by an able former district attorney of the district in which the county of prosecution was situated, who was present at the time the continuance was sought. Article 543, C. C. P., states as follows: 'The truth of the first, or any subsequent application (for continuance), as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right.' This we regard as a legislative expression in recognition of the inherent right of the court to exercise said discretion. Chapter 7, Acts. 41st Legislature, supra, does not repeal or attempt to repeal article 543, supra, and, if it had done so, we would still hold that unless the action of the court showed an abuse of discretion, the refusal of such continuance would not appear to be error."

It is shown in bill of exception No. 2 that after three jurors had been chosen and sworn, one of said jurors was called from the jury box and excused by the trial judge over appellant's objection. The bill is qualified to the effect that the court discovered that the juror had been convicted of a felony. The bill fails to show whether the other two jurors who had been impaneled were excused by the court or whether they remained on the jury. The juror who was excused was absolutely disqualified. Had the court proceeded to a judgment upon a verdict rendered by a jury upon which he sat such verdict would have been illegal and appellant could have had a new trial or a reversal for that cause. Steen v. State, 242 S. W., 1047. Under the provisions of subd. 4 of art. 616, C.

C. P., a juror who is under indictment or other legal accusation for theft or any felony is disqualified. Art. 619, C. C. P., provides that such a juror shall not be impaneled although both parties consent thereto. In Black v. State, 46 Texas Crim. Rep., 590, the conviction was for murder, the penalty being assessed at death. After several jurors had been selected, it was discovered that the first one taken had misled the court as to his attitude toward the death penalty. He had sent a message to the court saying that he desired to make an explanation with reference to answering on his voir dire that he had no conscientious scruples against the infliction of the death penalty. Upon being further questioned, his explanation was that he misunderstood the question, and that he in fact had conscientious scruples against inflicting the death penalty. The trial judge reached the conclusion and announced to counsel that the remainder of the panel should be discharged, as well as the juror who had conscientious scruples. Black objected to discharging the remainder of the panel, and the court thereupon sustained the State's challenge for cause to the juror and proceeded with the organization of the jury after eliminating the objectionable juror. This action was upheld by this court. If it was proper for the court to sustain the challenge in Black's Case, it would seem to follow that where it was shown that prior to the time the panel is completed that a juror is absolutely disqualified the trial court would have the right to stand him aside. As already pointed out, the bill of exception fails to show what was done with the balance of the panel. Hence we are not concerned with the question as to whether it was incumbent upon the trial judge to discharge the entire panel. Again, the bill is silent as to whether the district attorney called the matter to the attention of the trial judge and challenged the juror when it was determined that he was a convict. We think the bill is insufficient to present error.

In his motion for a new trial appellant alleged that the jury was guilty of misconduct in discussing matters not shown in the evidence. Appellant brings forward a statement of the testimony adduced on the motion which was not authenticated by the trial judge. Under the circumstances, it cannot be considered.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the evidence is not sufficient to support the judgment and penalty assessed. His chief reason seems to rest upon his claim that he killed deceased because of alleged adulterous relationship with the wife of appellant. It is provided in Art. 1220 of our Penal Code that a homicide is justifiable when committed by the husband upon one taken in the act of adultery with his wife, provided the killing take place before the parties to the act have separated; and it is further provided that such circumstance will not justify a homicide where it appears that there has been, on the part of the husband, any connivance in or assent to such relationship. It is perfectly clear from the record before us, upon the testimony of appellant himself, that he did not kill deceased while engaged in the alleged adulterous intercourse with his wife, nor while at the scene where he claims same took place. He claims that deceased and appellant's wife engaged in adulterous intercourse down back of a lot, and that after it was over, and deceased came on up to the house, and a conversation ensued between them, accompanied by threats on the part of deceased, that he, appellant, took the life of deceased. We might observe that according to the testimony of appellant's wife, deceased had been keeping company with her a good while, and that on at least two prior occasions appellant had found them in compromising positions,—on one occasion finding them in bed together, and on neither of said former occasions did appellant claim to have been so angered as that he tried to kill deceased. We are still of opinion, as when we originally wrote, that the evidence showed a killing upon other reasons and for other motives than that just mentioned.

Appellant insists again that the trial court erred in excusing from the panel a juror who had been selected but was found to have been previously convicted of a felony. The bill of exceptions presenting this complaint is wholly insufficient. After reciting therein that the court called the juror out of the jury box and excused him from jury service, it is stated: "To which action of the court the defendant then and

there excepted;" no ground of exception being stated then or elsewhere in the bill. We presume entire correctness in the court's action in the absence of any sufficient or proper complaint thereof. Neither then nor in his original or amended motion for new trial did appellant attempt to set up any of the reasons or grounds which he now insists may have existed, as affecting the correctness of the court's action in excusing the juror. If the appellant had set up in his motion for new trial that the juror who had previously been convicted of a felony had been pardoned, or that for some other reason he would not be disqualified, a totally different question might have been presented. There is nothing of that kind here shown. That such bill of exceptions is too indefinite see Day v. State, 62 Texas Crim. Rep., 527; Edmanson v. State, 64 Texas Crim. Rep., 413.

We regret we cannot agree with appellant's contention that his statement of facts on hearing of the motion for new trial was authenticated. As prepared by appellant, there was a blank left for signature of the judge, but evidently the court's attention was not called to same, and same is not properly authenticated.

Not being able to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*