## GONZALEZ v. STATE.

### No. 22666.

Court of Criminal Appeals of Texas.

Dec. 15, 1943.

Roy A. Scott and Leo Duran, both of Corpus Christi, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder upon a plea of guilty, and by a jury assessed a term of thirty years in the penitentiary. Evidently being dissatisfied with such punishment allotted to him, he appeals.

■ Appellant urges but one question before us, upon which he bases his request for a reversal. It seems that one Luis Guillen was a member of the jury that tried appellant herein. It was shown that Guillen had been convicted in cause No. 3496, in the district court of Nueces County, on November 10, 1921, of the offense of felony theft and awarded a penalty of two years in the penitentiary, and his sentence therefor was suspended under the jury's recommendation. That thereafter in cause No. 3497, on November 14, 1921, the juror was again convicted of felony theft and sentenced to a term of two years in the penitentiary. It also appears from the juror's own testimony that he served about nine months of such sentence in the penitentiary during the years 1921–22. It is his further claim that sometime in the year 1922 Mrs. Ferguson, who he claims was then Governor of this State, appeared at the State prison and in person handed him a full pardon, and he took such pardon, and upon his immediate release gave the same to his sister, who read it over to him, and same was a full pardon; however he was unable to find such pardon, or to produce the same at the time of the hearing of the motion for a new trial. Evidently appellant was, to say the least, mistaken as to who was governor at the time of his purported release from the penitentiary. We judicially know that Hon. Pat Neff was Governor of this State during the year 1922. See 17 Tex.Jur., p. 197, and Dewees v. Colorado County, 32 Tex. 570 cited thereunder.

Art. 616, C.C.P., provides that a challenge for cause to a particular juror may be made for any of the following causes, and Section 3 thereof says: "That he has been convicted of theft or any felony." Again Art. 619, C.C.P., says: "No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth clause of challenge in article 616, tho both parties may consent." ·

■ In the first place, the testimony relative to the receipt of a pardon is so vague and indefinite as to amount to no satisfactory proof at all. According to the juror's own statement, a paper of any kind attempting to pardon a convicted man, signed by Mrs. Ferguson in 1922, would be of no avail in such an attempt. Under Art. 619, C.C.P., we hold that the challenged juror was not a qualified juror.

We do not intend herein to hold that under proper circumstances one could not

show by parol testimony the contents of a pardon, but we do mean to say that the juror's testimony is so contradictory that it convinces one that there is grave doubt as to the possession of such pardon; and again, in any event, under the statute, there being no question of the juror's conviction for a felony theft, he was not a qualified juror; that appellant had been tried by only eleven qualified jurors, and he is therefore entitled to a reversal herein.

The judgment is reversed and the cause remanded.