## Ex Parte Cecil Bronson.

No. 25,993. November 5, 1952.
Rehearing Denied January 14, 1953.

*Winston P. Brummett* and *A. W. Salyars*, [*Winston P. Brummett* of Counsel], Lubbock, for appellant.

*A. W. Walker*, County Attorney, Spur, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from an order of the county court of Dickens County, refusing to discharge appellant from confinement in the county jail following his conviction for selling whiskey in said county. The judgment of conviction was affirmed by this court (Bronson v. State, 247 S.W. 2d 563), and appellant was placed in jail to satisfy the 120 days and the $500 fine assessed.

One of the members of the jury before whom appellant was tried was an unpardoned convict, which fact was not known to the court or counsel or to appellant until after the appeal had been perfected.

Appellant contends that the judgment is void and, therefore, subject to this collateral attack because of this disqualified

juror. He relies upon our decision in Johnson v. State, 129 Tex. Cr. R. 162, 84 S.W. 2d 240, wherein Judge Lattimore, speaking for this court, said:

"We observe that final conviction for theft is expressly named in subdivision 3 of article 616, C.C.P., as ground for challenge for cause of a proffered juror, and that article 619, id., makes the fact of conviction for theft an absolute bar to the qualification of one who has been so convicted. In such case the incompetence of the juror cannot be waived, and the judgment and conviction would be void, and relief therefrom might be brought about by habeas corpus, but this court, upon the record before us, is in no position to act favorably."

Article 616 C.C.P. reads in part as follows:

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. It may be made for any one of the following reasons: . . .

"3. That he has been convicted of theft or any felony.

"4. That he is under indictment or other legal accusation for theft or any felony.

"5. That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service."

Article 619 C.C.P. reads:

"No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth clause of challenge in article 616, tho both parties may consent."

This court has consistently construed these provisions of our statutes as providing an absolute disqualification for jury service. In Greer v. State, 14 Tex. App. 179, a theft case in which other sections of Art. 636 (now Art. 616 C.C.P.) were involved, the court remarked as to the third, fourth and fifth sections of the article as follows:

"A juror who is subject to challenge for any of the causes mentioned in the statute is not ipso facto absolutely incompetent as a juror, except in the cases mentioned in the third, fourth and fifth subdivisions of Article 636, which are: 'Third. That he has been convicted of theft or of any felony. Fourth, That he is under indictment or other legal accusation for theft or for any felony. Fifth. That he is insane or has such defect in

the organs of seeing, feeling or hearing, or such bodily or mental defect or disease, as renders him unfit for jury service.' With regard to such disabilities the statute is peremptory that 'no juror shall be impaneled when it appears that he is subject either to the third, fourth or fifth cause of challenge in Article 636, although both parties may consent.' "

In Easterwood v. State, 34 Tex. Cr. R. 400, 31 S.W. 294, a murder case, it was discovered after verdict that a juror had been convicted of felony theft, and this was made a ground of the motion for new trial. The plea was denied only because it was shown that the juror had been pardoned.

In Rice v. State, 52 Tex. Cr. R. 359, 107 S.W. 832, a local option case, the judgment was reversed because a juror had been convicted of perjury and had not been pardoned. The court remarked that the disqualification contained in subdivision 3 of Art. 673 (now 616 C.C.P.) had been held to be absolute, citing Greer v. State and Easterwood v. State, supra.

In Hughes v. State, 105 Tex. Cr. R. 57, 284 S.W. 952, the conviction was reversed because it was shown on motion for new trial that one of the jurors who tried the case had been convicted of a felony, and his citizenship had not been restored. In this case Judge Lattimore, writing for the court, said:

"One who has been convicted for a felony is disqualified as a juror in this state. Subdivision 3, art. 692, Vernon's Ann. Code Cr. Proc. 1916. This ground of disqualification cannot be waived."

In Bundick v. State, 59 Tex. Cr. R. 9, 127 S.W. 543; Russell v. State, 84 Tex. Cr. R. 245, 209 S.W. 671; and Amaya v. State, 87 Tex. Cr. R. 160, 220 S.W. 98 it was shown for the first time on motion for new trial that a juror on the case was an unpardoned convict. On authority of the Greer, Easterwood, and Rice cases, the judgments were reversed. A similar reversal was ordered in Hooper v. State, 126 Tex. Cr. R. 118, 70 S.W. 2d, 431, when it was shown on motion for new trial that a juror had been convicted of misdemeanor theft.

In the Hooper case, after quoting from Arts. 616 and 619 C.C.P. this court, speaking through Judge Krueger, said:

"Ordinarily, the grounds for challenge set forth in said article may be waived, but when we consider article 619, C.C.P., we

are forced to the conclusion that no juror who is subject to the third, fourth, or fifth clause of challenge in article 616, supra, could sit in any case, although both parties may consent thereto. In other words, if a juror came within clause 3, 4, or 5 of article 616, supra, he would not be a qualified juror, and this, it seems, cannot be waived by the defendant. In support of the views herein expressed, we refer to the following authorities: Greer v. State, 14 Tex. App. 179; Rice v. State, 52 Tex. Cr. R. 359, 107 S.W. 832. Hence we are forced to the conclusion that the trial court erred in refusing to grant the appellant's motion for new trial."

And in Amaya v. State, supra, Judge Morrow, speaking for the court, said:

"The construction given our statute has been uniform to the effect that it is the imperative duty of the trial court or the reviewing court to set aside a verdict which was rendered by the jury, a member of which was an unpardoned convict. Wright v. State, 52 Tex. Cr. R. 542, 107 S.W. 822; Bundick v. State, 59 Tex. Cr. R. 10, 127 S.W. 543; Easterwood v. State, 34 Tex. Cr. R. 400, 31 S.W. 294; Greer v. State, 14 Tex. App. 179."

(The first citation was evidently intended for Rice v. State, 52 Tex. Cr. R. 359, 107 S.W. 832.)

In Tweedle v. State, 153 Tex. Cr. R. 200, 218 S.W. 2d 846, the trial judge discovered that one of the impaneled jurors was under indictment for felony theft. The judge, upon discovering this fact, in order to dispose of the question, instructed the jury to convict Tweedle and, after entering judgment on the verdict, granted him a new trial. Upon appeal from a conviction before another jury, we held that Tweedle was not entitled to complain of the court's action in view of the granting of his motion for a new trial.

In the opinion in the Tweedle case Judge Krueger, writing for the court, quoted Articles 616, 618, and 619 C.C.P., and said:

"It would seem from the foregoing articles that if a juror was under indictment for the offense of felony theft, he is a disqualified juror. A jury composed of twelve men one of whom falls within the disqualification mentioned would not constitute a legal jury, and their verdict would not be binding on the defendant nor would the court be authorized to enter a judgment of conviction thereon. It appears that in this case neither the

state nor the defendant is chargeable with negligence in failing to discover the juror's status since neither the state nor the defendant was authorized to propound questions to him which may have elicited the facts which disqualified him as a juror."

Many other cases to like effect may be found where the court had occasion to consider the grounds for challenge under Art. 616 C.C.P., and the effect of Art. 619 C.C.P., though not all were passing upon cases arising under subsections 3, 4, or 5. See Terrill v. State, 133 Tex. Cr. R. 584, 112 S. W. 2d 734; Lowe v. State, 88 Tex. Cr. R. 316, 226 S.W. 674; Seawell v. State, 15 Tex. App. 56; Rogers v. State, 109 Tex. Cr. R. 88, 3 S.W. 2d 455; 109 Tex. Cr. R. 88; Steen v. State, 92 Tex. Cr. R. 99, 242 S.W. 1047; Burton v. State, 129 Tex. Cr. R. 234, 86 S.W. 2d 768; Gonzalez v. State, 146 Tex. Cr. R. 452, 176 S.W. 2d 195.

In the latter case it was said in ordering reversal because of the service of an unpardoned convict on the jury:

". . . again, in any event, under the statute, there being no question of the juror's conviction for a felony theft, he was not a qualified juror; that appellant had been tried by only eleven qualified jurors, and he is therefore entitled to a reversal herein."

We have discussed and quoted at length from our former opinions in order to make it clear that though the statutes under discussion have been consistently held to entitle an appellant to a reversal if a conviction at the hands of a jury whose membership included a juror subject to challenge under subsections 3, 4, or 5 or Art. 616 C.C.P., it was not until the Johnson case, 129 Tex. Cr. R. 162 (84 S.W. 2d 240) that such a conviction was declared to be void and subject to collateral attack by habeas corpus after final conviction.

The Johnson case was not a habeas corpus proceeding, but an appeal wherein it was alleged in the amended motion for new trial that it had been discovered since the trial that one of the jurors had been convicted of felony theft. The case was affirmed upon the theory that the state had not had an opportunity to show that the juror had been pardoned, the court having adjourned for the term without a hearing upon the motion for new trial. The statement found in the opinion to the effect that the incompetence of a juror under Sec. 3, of Art. 616 C.C.P. would render the judgment subject to collateral attack by habeas corpus as a void judgment was not necessary to the decision of the questions raised on the appeal and is, therefore, dicta.

We know of no habeas corpus proceeding wherein the question here raised has been passed upon by this court.

From the statutes and decisions above cited, we believe the rule to be: (1) When it appears to the trial judge that a prospective juror is subject to challenge under subsections 3, 4, or 5 of Art. 616 C.C.P., the juror shall not be impaneled, without regard to whether he be challenged, and even though both the state and the defendant consent. (2) If such a juror be impaneled and it becomes known to the trial judge prior to the return of a verdict that he is so disqualified, the judge should take action to remove the disqualified juror (such as in Burton v. State, 129 Tex. Cr. R. 234, 86 S.W. 2d 768 and Tweedle v. State, 153 Tex. Cr. R. 200, 218 S.W. 2d, supra) or grant a new trial in the event of conviction. (3) If, upon motion for new trial, it be shown that one or more of the jurors impaneled was disqualified under such subsections 3, 4, or 5 or Art. 616 C.C.P., a new trial shall be ordered, without regard to a showing of injury or probable injury or of consent or waiver. (4) A judgment entered upon the verdict of a jury, a member of which is subject to challenge under said Art. 616 C.C.P., is not void and subject to collateral attack by habeas corpus after final conviction, though the ground of challenge be under subsection 3, 4, or 5 of said Art. 616 C.C.P. and be first discovered after an appeal has been perfected or the conviction has become final.

The rule stated gives some effect to the words "when it appears" found in Art. 619 C.C.P. If it does not "appear" to the court before the appeal is perfected or the judgment becomes final, the disqualification will be considered on the same basis as a disqualification under other sections of Art. 616 C.C.P.

Montalvo v. State, 100 Tex. Cr. R. 560, 272 S.W. 13, is authority for the proposition that the question of a juror's disqualification under another section of Art. 616 C.C.P. cannot be raised by habeas corpus after conviction.

Art. 34 of the Penal Code in part provides that "no person who becomes insane after he committed an offense shall be tried for the same while in such condition." Yet this court has not upheld an attempt to show such insanity in a collateral proceeding after judgment. See Ex parte Minor, 115 Tex. Cr. R. 634, 27 S.W. 2d 805; Ex parte McKenzie, 115 Tex. Cr. R. 315, 29 S.W. 2d 771.

Art. 2338-1 sec. 13 V.A.C.S. provides that no delinquent child (a male over 10 and under 17 years of age) shall be charged with or convicted of a crime in any court.

In Ex parte Huddleston 149 Tex. Cr. R. 388, 194 S.W. 2d 401, a collateral attack upon the conviction of a defendant upon the ground that he was a delinquent child at the time of his trial was rejected. It was pointed out that the statute required the transfer of a criminal charge pending against a delinquent when "it shall be ascertained" that the accused was of juvenile age. The judgment was held to be voidable but not void. Ex parte Minor, supra, was cited in the Huddleston case in support of the view that the resort to habeas corpus was in effect an effort to have this court give effect to the writ of coram nobis on the ground that facts existed which were unknown to the trial judge which, if known, would have made the conviction improper.

Having reached the conclusions above set out, we overrule the contrary statement by way of dicta found in Johnson v. State, 129 Tex. Cr. R. 162, 84 S.W. 2d 240.

It follows that we are unable to agree that appellant has been denied any constitutional right of trial by jury or due process.

The judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

BELCHER, Judge.

Appellant, in his motion for rehearing, again insists that we were in error in holding that the judgment of conviciton against him was not subject to collateral attack by habeas corpus.

After careful and thorough study of appellant's able brief and authorities cited therein, we remain convinced that the correct conclusion was reached in our original opinion.

The motion for rehearing is overruled.

Opinion approved by the court.