Lloyd Ray YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 36433.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

John Robert Florence, Kilgore, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the subsequent offense of driving while intoxicated; the

punishment, one year in the Texas Department of Corrections.

It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

Two officers testified that they saw the appellant driving his automobile back and forth across the center stripe on the highway at a fast rate of speed; and that after he had stopped, they observed his actions and conduct and based thereon, they expressed the opinion that he was intoxicated.

Proof of the prior conviction alleged was introduced and that the appellant was the same person so convicted.

Testifying in his own behalf, the appellant admitted he had drunk one can of beer and had another can with him when arrested, but he denied that he was intoxicated. He attributed any unusual physical condition to the long hours he had been working, and also testified that the steering gear of the car was defective which caused the erratic manner in which it was operated.

The record contains no formal bills of exception, no requested charges and no objections to the court's charge.

In his amended motion for new trial, appellant alleges that the testimony of Albert Pryor was unavailable to him because he was out of the county during the trial. Pryor was not summoned, no continuance was requested in order to later obtain his testimony, and appellant announced ready for trial. No error is presented.

Appellant's complaint in said motion that he was not permitted to argue to the jury in rebuttal to the closing argument of the state shows no error. Art. 648 C.C.P.

The further complaint in the motion is that a member of the jury was related to the appellant within the third degree of consanguinity or affinity. This complaint cannot be presented by an informal bill of exception under the provisions of Art. 760e Vernon's Ann.C.C.P. However, it is observed that the testimony on the hearing of the motion fails to show that any inquiry was made on the voir dire examination of the jury panel touching their relationship to the appellant. In the absence of a showing that such inquiry was made, appellant will not be heard to complain of such relationship after verdict. 1 Branch's Ann.P.C.2d 541, Sec. 565; Perkins v. State, 120 Tex.Cr.R. 399, 46 S.W.2d 672. Further, there is no showing that the appellant exhausted his peremptory challenges and thereafter an objectionable juror was forced upon him. Rogers v. State, 109 Tex.Cr.R. 330, 3 S.W.2d 455.

Finding the evidence sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.