Saul **ROBINSON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42878.

Court of Criminal Appeals of Texas.

May 20, 1970.

John K. Coil, Dallas (court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., Camille Elliott, Harry J. Schulz, Jr., and John B. Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is statutory rape; the punishment, 35 years.

First, the appellant complains that a statement made by the state's attorney during re-cross examination of the appellant was unsworn testimony and that by such testimony the appellant was denied his

constitutional right to cross-examine the alleged witness (state's attorney) when he made the statement: "Yes, it will."

While the appellant was testifying in his own behalf at the guilt stage of the trial, the following occurred:

"REDIRECT EXAMINATION"

"Appellant's Counsel:

"Q  I would like to ask him some questions about the parole. What year did you get the parole?

"A  '65.

\*   \*   \*   \*   \*   \*

"Q  What is the deal on the parole, do they give you so many years and you live up to a certain percent, or do they throw you in for the complete rest of the term?

"A  Actually you do the whole twenty years once you get parole, and I have 13 years to do if I am convicted of any felony.

"Appellant's Counsel: I see, I pass the witness.

"RECROSS EXAMINATION"

"State's Attorney:

"Q  If you are convicted, your time will run C.C. with any term this jury will give you, isn't that correct?

"A  No, sir.

"State's Attorney: Yes, it will.

"The Court: Are we through with this witness?

"Appellant's Counsel: Yes, sir, we are."

Appellant's counsel made no objection to the alleged testimony of the state's prosecutor or a motion to exclude it, or to instruct the jury not to consider it. No reversible error having been presented, the appellant's ground of error is overruled.

The appellant's final two grounds of error contend that the trial court erred in overruling appellant's motion for a new trial because a material witness was prevented by a rule of the local hospital from attending the trial and that the appellant was denied his constitutional right to compel a witness to appear in his behalf.

In his motion for new trial the appellant alleged that Dr. Gil Daley, a resident doctor at Parkland Hospital who had examined the prosecutrix, was subpoenaed by the appellant as a witness, and that Dr. Daley was prevented from attending court by a practice of Parkland Hospital that does not allow the resident doctors to answer subpoenas.

The record does not reflect that Dr. Daley was served with a subpoena, that a subpoena for Dr. Daley was ever issued, that the appellant moved for a continuance because of his absence, or that the appellant sought to obtain a subpoena for him. The trial court's overruling of the motion for new trial reveals no error. Young v. State, Tex.Cr.App., 374 S.W.2d 891. The appellant's second and third grounds of error are overruled.

The judgment is affirmed.