Saul **ROBINSON**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–2639

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1973.

---

1. National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321–4347 (1970).

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Roy E. Greenwood, Staff Counsel for Inmates, Texas Dept. of Correction, Huntsville, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., W. Barton Boling, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant Robinson filed a petition for a writ of habeas corpus, asserting that in his Texas state trial he was denied compulsory process for the attendance of a witness in violation of the Sixth and Fourteenth Amendments. He claimed that for his trial on a charge of statutory rape he subpoenaed a doctor who had examined the alleged victim in a'hospital where the doctor was a resident physician, and that the sheriff did not serve the subpoena because of a rule, custom or practice of the hospital which barred resident physicians from responding to subpoenas in cases of suspected rape. The District Court denied the petition on the ground that Robinson had failed to exhaust state remedies. We reverse.

Prior to filing his federal petition Robinson made several efforts toward habeas relief in the state trial court. All failed on procedural grounds, chiefly prematurity because the petitions were filed while Robinson's direct appeal was pending.

In the direct criminal appeal, the Court of Criminal Appeals of Texas held:

> The appellant's final two grounds of error contend that the trial court erred in overruling appellant's motion for a new trial because a material witness was prevented by a rule of the local hospital from attending the trial and that the appellant was denied his constitutional right to compel a witness to appear in his behalf.
>
> In his motion for new trial the appellant alleged that Dr. Gil Daley, a resident doctor at Parkland Hospital who had examined the prosecutrix, was subpoenaed by the appellant as a witness, and that Dr. Daley was prevented from attending court by a practice of Parkland Hospital that does not allow the resident doctors to answer subpoenas.
>
> The record does not reflect that Dr. Daley was served with a subpoena, that a subpoena for Dr. Daley was ever issued, that the appellant moved for a continuance because of his absence, or that the appellant sought to obtain a subpoena for him. The trial court's overruling of the motion for new trial reveals no error.

Robinson v. State, 453 S.W.2d 836 at 838 (Tex.Cr.App.1970). From this holding it affirmatively appears that the issue now presented by the federal habeas petition was substantially, if not precisely, the same issue considered by the trial court on motion for new trial and then by the appellate court under direct appeal. The finding of the federal habeas court that the state appellate court was confronted with and resolved an issue substantially different from that presented in the federal habeas petition cannot be sustained.

Reversed and remanded.