In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00256-CR
____________

DWIGHT CORMIER, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 184th District Court 
Harris County, Texas
Trial Court Cause No. 863031



MEMORANDUM OPINION
          A jury found appellant, Dwight Cormier, guilty of the felony offense of
possession of controlled substance, namely four to 200 grams of cocaine, found that
the allegations in two enhancement paragraphs were true, and assessed punishment
at 60 years’ confinement. Appellant,


 who represented himself pro se at trial, argues
that (1) he was denied due process because the trial court denied his request to call
two material witnesses, (2) the State made an improper closing argument in front of
the jury by calling appellant a drug dealer, and (3) the evidence is legally and
factually insufficient to support his conviction. We affirm.
Background
          Appellant was involved in a head-on automobile collision requiring him to be
transported to Memorial-Hermann Hospital by Life-Flight. Appellant was conscious
but dazed and confused. Appellant was only known and identified by his Life-Flight
identification, “ECHO 439, Male,” because the police officer who responded to the
scene of the accident removed appellant’s identification. Appellant was placed on a
backboard, and his clothes were cut free to the groin in transit from the accident
scene, but they were not removed. At the hospital, a nurse placed a Foley Catheter
in appellant’s penis. A doctor performed a rectal tone examination on the appellant. 
Later when a different nurse removed appellant’s underwear, a sock containing
cocaine in the shape and size of a tennis ball was found behind appellant’s scrotum.
Testimony of Dr. James H. “Red” Duke
          In his first point of error, appellant argues that he was denied his Sixth
Amendment right of due process when he was prevented from calling Dr. James H.
“Red” Duke as a material witnesses in his defense. 
          This point of error ultimately comes down to a series of procedural mistakes
made by appellant, which resulted in the trial court’s not having authority to compel
Dr. Duke to appear and testify. Article 24.12 of the Code of Criminal Procedure
provides that, “When a witness who resides in the county of the prosecution has been
duly served with a subpoena to appear and testify in any criminal action or
proceeding fails to appear, the State or the defendant shall be entitled to have an
attachment issued forthwith for such witness. Tex. Code Crim. Proc. Ann. art.
24.12 (Vernon Supp. 2003). Article 24.04 of the Code of Criminal Procedure
provides that,
(a) A subpoena is served by:
(1) reading the subpoena in the hearing of the
witness;
(2) delivering a copy of the subpoena to the witness;
(3) electronically transmitting a copy of the
subpoena, acknowledgment of receipt requested, to
the last known electronic address of the witness; or
(4) mailing a copy of the subpoena by certified mail,
return receipt requested, to the last known address of
the witness unless:
(A) the applicant for the subpoena requests in
writing that the subpoena not be served by
certified mail; or
(B) the proceeding for which the witness is
being subpoenaed is set to begin within seven
business days after the date the subpoena
would be mailed.
(b) The officer having the subpoena shall make due return
thereof, showing the time and manner of service, if served
under Subsection (a)(1) or (2) of this article, the
acknowledgment of receipt, if served under Subsection
(a)(3) of this article, or the return receipt, if served under
Subsection (a)(4) of this article. 
 
Tex. Code Crim. Proc. Ann. art. 24.04 (Vernon Supp. 2003).
          Appellant did not effectuate service in compliance the article 24.04 of the Code
of Criminal Procedure. Instead, appellant attempted to serve Dr. Duke by mailing the
subpoena by United States mail. When it became apparent that there was no evidence
that Dr. Duke had received the subpoena, the trial judge recessed for a day to allow
appellant to complete the paperwork so that proper service on Dr. Duke could be
completed. Appellant decided instead to take “a day of rest.” Despite the attempts
of the trial court to help appellant, appellant failed to avail himself of the benefit. 
Only when a witness has been properly subpoenaed and the witness fails to appear
can the trial judge compel the presence of an absent witness by issuing a writ of
attachment for the witness. Tex. Code Crim. Proc. Ann. art 24.11, 24.12 (Vernon
2003). As a result of appellant’s failure to effectuate proper service, the trial court
did not have authority to compel the presence of Dr. Duke. Robinson v. State, 453
S.W.2d 836, 838 (Tex. Crim. App. 1970) (There is no denial of compulsory process
of a witness where the record does not show that the witness was served a subpoena.);
Drew v. State, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987) (A defendant can not
complain of denial of his constitutional right of compulsory process if he did not
properly exercise his right.). 
          We overrule appellant’s first point of error.            
Testimony of Dr. Melissinos
          In his second point of error, appellant argues that the trial court erred in
sustaining the State’s motion to quash appellant’s subpoena of Dr. Emanuel
Melissinos. We review a motion to quash a subpoena under an abuse of discretion
standard. Muennink v. State, 933 S.W.2d 677, 684 (Tex. App.—San Antonio 1996,
pet. ref’d).
          Appellant sought to introduce evidence that Dr. Melissinos made a note about
cocaine found on appellant on April 14, 2000, when Dr. Melissinos operated on
appellant’s leg and ankle. The issue presented in a pre-trial hearing dealt with two
documents in appellant’s medical record. One document refers to the surgery on
April 14, 2000, and the second reflects that the contraband was found on a date that
could be construed as either April 10, or April 14, 2000. Appellant contends that the
second document reflects that the narcotics were found on April 14, and that this
proves that no contraband was found on appellant on April 10, 2000. Dr. Melissinos,
however, testified that the two documents were not related to each other and that he
did not write the second document referring to the contraband. Furthermore, Dr.
Melissinos testified that he was not present in the Emergency Room (ER) on April
10, 2000. At the end of its case in chief, the State again moved to quash the subpoena
and testimony of Dr. Melissinos. The trial court granted the motion at that time. 
          Appellant has the burden to show that the witness’ testimony would have been
both material and favorable to his defense. Coleman v. State, 966 S.W.2d 525, 527-28 (Tex. Crim. App. 1998) (A defendant’s right to compulsory process guarantees
compulsory process for obtaining only those witnesses whose testimony is both
material and favorable to the defense.). Furthermore, it is necessary to provide sworn
evidence or agreed facts regarding the materiality and favorableness of a witness’s
testimony. Id. at 528. During a pre-trial hearing, Dr. Melissinos told the trial court
that he could not provide information on the matter, and that it was of no use to call
him as a witness because he was not present in the ER. Because of the absence of any
sworn evidence or agreed facts regarding the materiality and favorableness of Dr.
Melissinos’ testimony, the trial court did not abuse its discretion in granting the
State’s motion to quash the subpoena of Dr. Melissinos. See Coleman, 966 S.W.2d
at 528.
          We overrule appellant’s second point of error.
Improper Jury Argument by Prosecution
          In his third point of error, appellant argues that the State engaged in improper
jury argument. Specifically, appellant claims that, during its closing argument, the
State argued outside of the record that appellant was a drug dealer.
          Appellant waived any error when he failed to object to the State’s argument. 
Valencia v. State, 946 S.W.2d 81, 82 (Tex. Crim. App. 1997). The fact that appellant
was defending himself pro se does not change the analysis, because pro se litigants
are held to the same standards as licensed attorneys. Kindley v. State, 879 S.W.2d
261, 264 (Tex. App.Houston [14th Dist.] 1994, no pet.). Therefore, failure to
object to a jury argument forfeits his rights to complain about the argument on appeal. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Having failed to
object, appellant presents nothing for us to review on appeal.We overrule appellant’s third point of error.
Legal and Factual Sufficiency
          In his fourth point of error, appellant argues that the evidence was legally and
factually insufficient to establish that appellant possessed cocaine as alleged in the
indictment. We review the legal sufficiency of the evidence by viewing the evidence
in the light most favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Taylor v. State, 10 S.W.3d 673, 685 (Tex. Crim. App. 2000). The standard is the
same for both direct and circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546,
549 (Tex. Crim. App. 1984).
          To convict an accused of unlawful possession of a controlled substance, the
State must prove two elements: (1) that the accused exercised care, custody, control,
and management over the contraband; and (2) that the accused knew the matter was
contraband. Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2003); 
Gilbert v. State, 874 S.W.2d 290, 297 (Tex. App.Houston [1st Dist.] 1994, pet.
ref’d).
          Appellant was life-flighted to Memorial-Hermann Hospital after he was
involved in a head-on auto collision. Emergency technicians placed appellant on a
backboard, and strapped him down to avoid potential spinal injury. The life-flight
nurse or the EMS personal on the scene cut appellant’s clothes free to the groin to
examine him for injury. Upon arrival at Memorial-Hermann Hospital appellant was
taken to the ER, where he spent the next few hours. During his time in the ER,
appellant remained on the backboard; his clothes were not removed. Once appellant
was able to leave the ER, he was taken to the Shock Trauma Intensive Care Unit
(STICU). Since appellant was cleared of spinal injury, he was removed from the
backboard, and the nurses began to remove his clothes. At this time, appellant made
a furtive gesture by “grabb[ing] his privates” when the nurses went to remove his
underwear. After assuring him that he need not be embarrassed, the nurses removed
his underwear. They then rolled appellant on his side to examine his back for injuries
not previously found because of the backboard. A sock the size and shape of a
“tennis ball” fell from behind appellant’s scrotum. Inside the sock was a hard
substance, later determined to be cocaine.
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found, beyond a reasonable doubt, that appellant knowingly and
intentionally possessed more than four and less than 200 grams of cocaine behind his
scrotum.
          In reviewing the factual sufficiency of the evidence, we examine all evidence
neutrally, and ask whether proof of guilt is so obviously weak or greatly outweighed
by contrary proof as to indicate that a manifest injustice has occurred. King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). In conducting our analysis, we must
also avoid substituting our judgment for that of the fact-finder. Id.
          In arguing the factual sufficiency of the evidence appellant points to several
potentially contradicting pieces of evidence. First, while in the ER, a nurse placed
a Foley Catheter in appellant’s penis. The procedure, according to the nurse, takes
about two minutes to complete. The nurse testified that she did not notice any
contraband, but she was not looking for any. She did not remove his underwear. 
Second, a doctor performed a rectal tone examination, in which the doctor takes a
gloved finger and places it inside the rectum of the patient. The attending physician
did not testify, but a nurse testified that the procedure generally takes only a three to
five seconds, and the doctor does not visually inspect the area. Appellant contends
that if there were a “tennis ball” sized package of cocaine behind his scrotum, these
procedures performed in the ER should have found it. Third, appellant points to the
fact that the nurses from Memorial-Hermann Hospital could not identify him at trial
as “ECHO, 439, Male.” It is understandable that a nurse might not be able to identify
a patient after a two-year lapse, because as one of the Memorial-Hermann nurses
noted, a person looks different when he is suffering from severe injuries, is swollen,
and has a breathing tube. At the time of the incident, the nurse who found the cocaine
identified appellant as the person with the sock, and she does not feel that she pointed
to the wrong patient. In addition the officer at the scene of the accident identified
appellant; the life flight nurse identified appellant; and the Memorial-Hermann
security/police officer identified appellant. Thus, we hold that the evidence is not so
obviously weak or greatly outweighed by contrary proof as to indicate that a manifest
injustice has occurred. See King, 29 S.W.3d at 563.
          We overrule appellant’s fourth point of error.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Alcala, and Jennings. 
Do not publish. Tex. R. App. P. 47.